### Stafford vs. Mott & Comstock.

### S. & H. Stafford vs. The same.

The allowance of interest on a judgment recovered at law for a tort is not a matter of course under a decree in equity ; although in a proper case a court of equity will direct interest to be allowed on such judgment.

In an action of debt at law on a judgment for a tort, interest may be recovered by way of damages for the detention of the debt.

Where a person is made a party to a creditor's bill, to enable the complainant to obtain a debt due from him to the complainant's judgment debtor, which debt such person is ready and willing to pay, he is entitled to his costs out of the fund.

Where an appellant succeeded only as to part of the matters of the appeal, neither party was allowed any costs as against the other upon the appeal.

February 21.    This was an appeal from a decree of the vice chancellor of the 3d circuit. The bills in these suits were filed by the complainants respectively, as judgment creditors of the defendant Mott, to reach his property and choses in action which were not liable to execution at law, and particularly the amount of a judgment which he had recovered against the defendant Comstock, in an action of slander. Comstock by his answer claimed the right to set off a judgment recovered by him against Mott and others for a less sum, and which by an agreement between the defendants was to be set off against the judgment in the slander suit. He offered to pay the balance, as the court should direct, after deducting therefrom such costs, charges and counsel fees as the court should deem reasonable. The complainants in these suits had agreed that whatever might be recovered therein should be applied towards their respective judgments rateably. The causes were therefore heard together, and a joint decree was made therein. The vice chancellor allowed the set off claimed by Comstock, and directed a

reference to ascertain the amount due upon the judgment in the slander suit, and the amount due the defendant, Comstock, on his judgment claimed as a set off; and that the master allow Comstock to retain out of the amount due on the judgment in the slander suit the amount of the principal and interest due on the last mentioned judgment, and that the master report the balance due. It was further ordered that the defendant Comstock pay the balance thus reported due, with interest thereon from the date of the report, to be applied in the first place to the payment of the complainants' costs in each of these suits, and that the residue be applied rateably to the payment of their respective judgments. From this decree the defendant Comstock appealed. He alleged as the grounds of such appeal, that the vice chancellor had not directed the amount due on the judgment in the slander suit to be computed without interest, and that the vice chancellor had directed him to pay the balance due thereon, with interest from the date of the master's report; and also that the appellant had not been allowed to retain out of the fund the general costs of his defence of these suits.

*J. Lansing*, for the complainants.

*James King*, for the appellant.

THE CHANCELLOR. Upon an examination of the provisions of this decree, I am inclined to think the construction of it is, that the master is not directed to compute interest on the judgment in the slander suit. Whether he is authorized to allow interest on the balance due, after deducting Comstock's judgment and the interest on the same up to the time when the defendants agreed it should be set off against the verdict in the slander suit, is a question not properly raised by this appeal. If the master improperly allows interest on that balance, either because it is not authorized by the decree, or because it is not equitable that it should be allowed pending this suit and while the defendant was prevented by the injunction from paying over the balance, it can only be corrected on exceptions to the master's report. Strictly speaking, the amount

*1832.*

Stafford
v.
Mott.

due on a judgment in tort is the sum for which the judgment is entered, although a court or jury in an action of debt thereon may give interest by way of damages for the detention of the debt. A court of equity, in a proper case, may also direct interest to be allowed on such a judgment. But a direction to ascertain the amount due on a judgment which per se does not carry interest, is not a positive direction to the master to compute interest thereon. It is even doubtful whether the master would be authorized to allow interest without a special authority, expressed in the decree, directing him to allow interest as should be just. The allowance of interest on such a judgment is not a matter of course under a decree in equity. (*Lewes* v. *Morgan*, 3 *Young & Jervis*, 394.)

After the balance is ascertained by the report of the master, I can see no valid objection to that part of the decree which directs Comstock to pay interest on such balance if the same is not immediately paid.

The only remaining question is as to the refusal of the vice chancellor to allow the appellant his taxable costs, to be paid out of the fund. In this respect, I think the decision of the vice chancellor is erroneous. This defendant is made a party to these suits, not on account of any fault or misconduct on his part, but to enable the complainants to obtain a debt due from him to their judgment debtor, and which debt he was ready and willing to pay, after deducting what he had a legal right to retain by way of set off against Mott. He was properly made a defendant in this case, although he was not strictly a necessary party. It does not follow, however, that an innocent defendant is to lose his costs, although he is a necessary party to enable the complainant to obtain the relief to which he is entitled as against another defendant, or otherwise. The costs of such a party, according to the ordinary practice of the court, must be paid out of the fund, if there is a fund recovered in the suit. And where there is no fund, the complainant is frequently compelled to pay the costs himself; and is permitted to recover them over against the other defendants, whose default or misconduct has made such costs necessary. In this case great injustice will be done to this appellant if he is compelled to sustain the whole expense of putting in his an-

swers for the benefit of the complainants, and for the purpose of obtaining his equitable and legal claim to set off.

The decree of the vice chancellor must therefore be affirmed, except as to the costs of the appellant. And in that respect it must be modified in such manner as to direct those costs to be taxed, and to be deducted from the balance due on the judgment in favor of Mott against him ; and that the appellant only pay the residue of such balance, and interest thereon, to the solicitor of the complainants, to be applied as directed by the decree. As the appellant has only succeeded as to a part of the matters of his appeal, neither party is to be allowed costs as against the other on this appeal. But if he had appealed on account of the disallowance of the general costs of his defence only, he would also have been entitled to his costs here.

This case must be remitted to the vice chancellor, as it appears further proceedings have been had on the decree appealed from before the proceedings were stayed by perfecting the security on the appeal.