## KLOCK *v.* ROBINSON.

*Interest* is recoverable in an action of debt on a judgment for costs of the defence of an action of assault and battery.

*So it seems*, it is recoverable in an action of debt on judgment, whether the original demand carried interest or not.

THIS was an action of *debt on judgment*, tried at the Herkimer circuit in May, 1838, before the Hon. JOHN WILLARD, one of the circuit judges.

The plaintiff declared on a judgment in his favor against the defendant, rendered in this court in the term of October, 1830, for $38,90, the costs of the *defence* of an action of *assault, battery and false imprisonment*, prosecuted against the now plaintiff by the now defendant, and in which action

judgment, as in case of nonsuit, was rendered against the then plaintiff. To which declaration a plea of *nul tiel record* was interposed. On the trial of the cause, the plaintiff produced an exemplification of the judgment declared upon, and the judge charged the jury that the plaintiff was entitled to recover the amount of such judgment, and *interest*, by way of damages, from the time of the rendition of the judgment. To which charge the defendant excepted. The jury accordingly found a verdict for $38,90 of *debt*, and for $21,78 *damages*. The defendant now moved for a new trial.

*L. Ford,* for the defendant, said that he had not been able to find any case where interest had been allowed upon a judgment rendered in an action of *tort*, whether the judgment was entered in favor of the plaintiff or defendant. *Crewze* v. *Hunter,* 2 *Vesey, jun.* 157, is the leading case upon this question. Interest was claimed from the time of confirmation of the master's report; and the whole reasoning of the court goes to show, that if the question had arisen upon a judgment founded upon *tort*, interest could not have been allowed. There is no statute which allows interest upon a judgment *in a case of tort*, and, at common law, interest could not be recovered.

In the opinion of the court delivered in *Gelston* v. *Hoyt,* 13 *Johns. R.* 590, it clearly appears that interest cannot be recovered upon a judgment in a case of tort.

In *Sayre* v. *Austin,* 3 *Wendell,* 496, which will be much relied upon by the plaintiff, the original judgment was *founded on contract,* and the language of the court must be understood as applying to judgments founded on contract. If the language of Mr. Justice Sutherland should be applied to judgments founded on torts, it would be at variance with all other adjudged cases. *Watson* v. *Fuller,* 6 *Johns. R.* 283, *and all the cases cited in* 2 *Johns. Dig.* 87, are those of judgments founded on contracts, and the language of the court is to be understood as applying to such judgments alone.

The statute allowing interest to be collected on execu-

tions issued on judgment, applies only to judgments founded on contracts, and no reason can be discovered why interest should be recovered in *an action* of debt founded on a judgment in a case of tort, and, at the same time, the party not be permitted to collect interest on such a judgment, when an execution is issued. By making this distinction, it is submitted, the legislature intended to say that no interest should be collected upon such a judgment in any manner.

*J. C. Underwood,* for the plaintiff, admitted that the plaintiff could not have levied interest *by execution* upon the judgment. Neither before 1813, could a plantiff levy interest upon *any judgment,* except in case of debt for a penalty. Nor until 1830, could interest be levied by execution on a judgment upon a judgment. The revised statutes extended this remedy to a judgment founded on *any other judgment,* or, in other words, to judgments in all actions of debt, covenant and assumpsit. 1 *R. L.* 506. 2 *R. S.* 288, 2*d ed.* But interest, by way of damages, was always recoverable *in actions of debt* on judgment. This is clearly shown : 1. By the form of the declaration in all the books, which claims interest, or technically speaking, " damages sustained by means of the detaining of the said debt." 2 *Chitty's Pl.* 221. 2. By the fact, that the very definition of a demand bearing interest, and a demand upon which an action of debt may be sustained, is the same. The demand must, in either case, be for a sum certain or liquidated. 3. Debt is the proper form of action upon a judgment, and a judgment is the highest evidence of debt in every possible sense of the term ; for, in the language of Lord Kenyon, " after judgment recovered, *transit in rem judicatum.* The nature of the demand is altered." 2 *Vesey, jun.* 162, 167, 168. 1 *East,* 436. 6 *Johns. R.* 284. 3 *Wendell,* 496.

*By the Court,* Cowen, J. The judgment was for the costs awarded to the defendant, (now the plaintiff,) in an action of assault and battery. The statute, *R. L. of* 1813, 506, *ch.* 203 § 50, repeated and enlarged in 2 *R. S.* 288, § 9, 2*d ed.,* respects merely an endorsment of the di-

rection to collect interest on an execution. *Watson* v. *Fuller*, 6 *Johns. R.* 283, denied that right in all cases, except in an action for a penalty; but the legislature afterwards allowed it, first under judgments upon contract, and finally under a judgment upon a judgment; doubtless for the reason that the latter is, for the purpose of interest, equivalent to a contract.. The argument derivable from our legislation would, therefore, seem to be against the now defendant. Why the same right should still be withheld from a judgment for damages arising from a tort, it is difficult to imagine. The judicial doctrine too of allowing and disallowing interest on judgments, whether upon affirmance on error, *Gelston* v. *Hoyt*, 13 *John.* 590, or in other cases, seems in some respects, to rest rather upon arbitrary discretion, practice or precedent, than any principle which conforms to our general notions of justice.

The case at bar has been discussed by counsel, as if the original judgment had been for damages arising from a wrong committed. That is not so. It was for the costs of a wrongful suit, which are given in the nature of a penalty to the party aggrieved. The analogy to a judgment for damages properly so called is not perceivable. Costs included in a judgment on contract are equally in the nature of a penalty; and it is not denied that the action on such a judgment takes interest for the whole. Indeed, in an action for a statute penalty, (a certain sum,) given to the party grieved, he may recover damages in addition to the penalty, *North* v. *Wingate, Cro. Car.* 559, *Sayer on Damages,* 71, *ed. of* 1770, " because," adds the latter book, " the money, *it being a sum certain,* is to be considered as a debt." And see *Thomas* v. *Edwards,* as reported in 3 *Anstr.* 804, wherein the judgment was pretty much all for costs, and yet interest was allowed.

But take the case in the same light as if the judgment had been for damages arising from the assault and battery. It is said there is no adjudication reported, that interest may be recovered in debt on judgment for a tort. That may be so. But I imagine that a dictum of Chancellor Walworth speaks the sense of all the New York bar, and is according

Klock v. Robinson.

to our judicial practice. He says, in *Stafford* v. *Mott*, 3 *Paige*, 100, " strictly speaking, the amount due on a judgment in *tort* is the sum for which the judgment is entered, although a court or jury, in an action of debt thereon, may give interest, by way of damages for the detention of the debt." In *Watson* v. *Fuller*, 6 *Johns. R.* 284, it is conceded that you may bring a fresh action for interest on a judgment. *Per Kent, Ch. J. citing Lord Loughborough.* In *Winslow* v. *Assignees of Ancrum, M' Cord's Ch. R.* 104, Johnson, J. said : " As a general proposition there can be no question, that, in an action at law founded on a judgment, the plaintiff would be entitled to recover interest on the amount of the judgment." In *Prince* v. *Lamb, Breese's R.* 299, Smith, J. said : " The judgment is a debt; and may be assimilated to a contract to pay a certain sum with interest. Such interest is recoverable as a part of the contract, in the present case, by way of damages for the detention of the debt, the interest being a part of the judgment." In *Sayre* v. *Austin*, 3 *Wendell*, 497, Sutherland, J. said, that a judgment is the highest evidence of a debt known to the law. " It certainly savours somewhat of extravagance, to maintain that the judgment is not a debt due in every possible sense of the term. It is a debt due, with the interest from the time of its rendition." In *Gwinn* v. *Whittaker's adm'x.* 1 *Har. & John.* 755, Chase, Ch. J. stated it to be established in Maryland, that " every judgment for money will carry interest from the obtention of it, unless by the terms consented to by the parties, or the nature of the judgment, interest is not demandable, or only so in a particular way."

All these things may be truly said, irrespective of the nature of the original cause of action, and most of them seem to have been so said. They apply as well to judgments for *wrongs* as on *contracts ;* on contracts which do not carry interest, as well as on those that do ; and why not with good reason.? The allowance of interest in this state is founded much on the idea of a previous liquidation of the claim upon which it is demanded ; a judgment is the surest means of liquidation, and in good sense, I have yet to learn,

why should it be esteemed unjust to allow interest on a sum thus apparently due for a positive, perhaps a very gross injury, while the contrary is clearly holden of a mere nonfeasance, the non-payment of a debt due.

I do not consider *Crewze* v. *Hunter*, 2 *Ves. jun.* 157, an authority against the plaintiff. On the contrary, several expressions of Lord Lougborough, in the course of the cause, which he appears to have considered with great attention, may be taken as a concession, that interest was recoverable in an action on a judgment generally. I confess, however, that I have been equally unfortunate with the counsel, in my endeavor to extract any certain guide from positive authority. In England the cases are conflicting, though, I am inclined to think the balance of opinion to be, that interest is not allowable in an action on a judgment, unless the original demand carried interest. *Butler* v. *Stoveld*, 8 *Moore*, 412. I do not go over their cases. *Thomas* v. *Edwards* is a specimen of the English authorities. It occurs twice. In 2 *Anst.* 558, 35 *Geo.* 3, the court denied that the plaintiff could have interest; but when he came to his final judgment, some two years after, they allowed it, though the original judgment was said to be nearly all for costs. 3 *id.* 804. What the residue was for, neither the counsel nor court deemed it material to inquire, so far as we can see from the report. Another instance: In *Atkinson* v. *Lord Braybrooke*, 4 *Camp.* 380, Lord Ellenborough said a foreign judgment (in Jamaica) constituted only a simple contract debt; and therefore did not carry interest; while in respect to another Jamaica judgment, Graham, Baron, said, had the plaintiff brought assumpsit, he might have recovered interest by way of damages. *Doran* v. *O'Reilly*, 3 *Price*, 250. It appeared by the affidavits read in the cause, that interest had, in fact, been recovered in the king's bench in an action of debt. As late as 1823, we find the justices of the common pleas doubting whether interest might not be allowed even where the original demand did not carry interest. *Butler* v. *Stoveld ut supra.* Several of the neighboring states have I perceive very wisely settled the question by statute; while Kentucky

seems at one time to have denied interest on judgments altogether. *Heydle* v. *Hazlehurst*, 4 *Bibb*, 19, ( *Court of appeals.* ) Afterwards, however, the court went to the opposite and more reasonable extreme. They said the jury might allow interest by way of damages, in debt on a judgment for damages. *Smith's adm'r* v. *Todd's ex'r.*, 3 *J. J. Marsh*, 306; and see per Ewing, J. in *Shockey's adm's.* v. *Glasford*, 6 *Dana*, 16, 17.

We think the latter principle the more reasonable. A new trial is, therefore, denied.

New trial denied.