By the Court, Cowen, J.
The proceedings under the statute subjecting the corporation of New-York to damages on account of buildings officially destroyed to prevent the spreading of a fire in the city, are in the nature of an action on the case for damages; and the suit remains open for contest on various grounds till confirmation in the court of common pleas of the city. The inquisition is in the nature of a verdict in such an action, and the confirmation stands instead of a judgment. Had the whole been in the common law form, the right of the plaintiff to interest would be easily settled so far as the rule of this court is concerned since the case of Klock v. Robinson, (22 Wend. 157, 160, 161, et seq.) We there examined the question, and none of us felt any doubt that, in an action of debt on a judgment for a tort as well as other cause, interest might be recovered from the date of the judgment. But no one would think of going behind that, and claiming interest from the time of the verdict. The present case being the same in principle, the claim of the plaintiff fails as to the interest intermediate the inquisition and confirmation.
The court below erred, however, in denying interest for the time intermediate the confirmation in the common pleas and the judgment of affirmance in this court. The corporation having failed here to reverse the confirmation, it must be taken to have stood in full force as a judgment from the time when the rule of confirmation was entered. We cannot regard the surmise that the common pleas confirmed the assessment pro forma with a view to have the question determined on error, We can perceive no force in sucha distinction.. If established! *430 in fact, it could obviously take nothing from the legal effect of the confirmation.
It is supposed that the question of interest was settled by the silence of this court when we affirmed the proceedings in the common pleas. Not so. We had no jurisdiction of the question whether interest should be allowed or not. On certiorari from the final adjudication of an inferior court, we simply reverse or affirm what they have done. If the latter, the adjudication remains and is available from the time when it was made, as if it had never been questioned.
The rule in the court for the correction of errors ordering interest from the date of our affirmance, has no force as a judgment passed upon the question of interest prior to that time. It is a simple omission to pronounce upon it one way or the other; leaving the question entirely open to an action at law. It is not easy to perceive how any doubt of this could be raised. It would seem to be entirely plain from the nature of the case.
The judgment of the superior court must be reversed, and a judgment entered for $11,385,91 interest in favor of the plaintiff.
Ordered accordingly.(a)

 The above case was decided at the July term, 1841. The plaintiff after, wards entered up judgment for the amount awarded by the supreme court, and in. serted in his bill of costs and procured to be taxed a charge for interest on the sum thus awarded from the date of the special verdict to the time when the above judgment of reversal was rendered. A motion was subsequently made in behalf of the defendants for a re-taxation, on the ground that the charge for interest was not • taxable. On that motion the following ooinion was delivered,
G. F. Taiman, for the defendants.
D. Lord, for the plaintiff.
By the Court, Co wen, J. The action below was on a confirmation in the nature of a judgment carrying interest, on which a verdict was found for the interest. The principal would also have been included, had it not been paid. The verdict *431 was therefore in effect the same as that in Vredenburgh v. Hallett, (1 John. Cos, 27.) I say in effect the same. That was a general verdict in favor of the plaintiff for principal with interest down to the quarto die post of the next term. An order was obtained by which payment was delayed with a view to take the opinion of the court on a motion for a new trial. That being refused, the court allowed interest on the entire verdict down to the time of the judgment, saying the interest might be taxed as a part of the general easts in the cause. They added: “In all actions founded on contracts carrying interest, and delayed under similar circumstances, the like interest may in like manner be taxed.” In .The People v. Gains, (1 John. Rep. 343,) this court said: “ In all cases where the defendant applies to set aside a verdict, and thereby delays the plaintiff, interest is awarded.” In the case before us, had the verdict below been general for the sum found, and delayed by resistance, and judgment been rendered for the plaintiff, the case would have been almost circumstantially the same with Vredenburgh v. Hallett. As It stands, the difference is but matter of form. Instead of a general verdict and motion for a new trial, on a case, the same filing is in effect done by the special finding and motion for judgment. The party was delayed first by a judgment against him in the court below. This court differed from that, and therefore did on error what it thought that court should have done—rendered judgment for th'e plaintiff. Here is then a sum liquidated by verdict which the defendants should have paid, as we thought, at once; but the judgment was delayed by their raising a question of law. Judgment finally passed against them. In principle, I am unable to distinguish the case from Vredenburgh v. Hallett. The claim to interest stands on grounds of equity which were fully considered and vindicated by Lord Mansfield in Robinson v. Bland, (2 Burr. 1085, et seq.)
I am therefore of opinion that the motion to review the taxation should be denied. (See Williams v. Smith, 2 Cain. Rep. 253 ; Paul v. Alston, 1 Rep. Const. Ct. South Car. (Mills,) 378 ; Taul v. Moore, Hardin’s Kentucky Rep. 90.)
Ordered accordingly