## THE PEOPLE OF THE STATE OF CALIFORNIA, Respondents, v. AH CHUNG, Appellant.

The Court of Sessions must be composed of three persons—the County Judge and two Associate Justices.

Justices of the Peace are not regarded by the Constitution, as supernumeraries to the Court of Sessions, they must, as necessary officers, begin with, and continue through the trial.

APPEAL from the Court of Sessions of San Francisco County.

The prisoner was indicted for grand larceny—the jury rendered a verdict of conviction. Defendant's counsel moved for a new trial, upon the ground that the County Judge and one Associate Justice alone composed the Court, during the trial of the defendant. The Court refused the motion, and defendant appealed.

*George B. Tingley*, for Appellant.

The 6th Art, of the Constitution, sec. 8, provides that the Court of Sessions shall be composed of the County Judge and two Associate Justices, for the trial of criminal accusations. The record discloses that the appellant was not so tried, and the refusal of the Court below to grant a new trial was contrary to law.

*J. R. McConnell*, (Attorney General,) for Respondents.

The statutes and Constitution both provide, that the County Judge and two Associate Justices shall constitute the Court of Sessions. See statutes of 1853, p. 84; also, see sec. 8, of Art. 6, of the Constitution. As there is no positive provision on the subject, and as it is the uni-

versal practice of Courts to transact business when a *majority* of members are present, it would seem that the defendant was properly tried.   The People *v.* White, 22 Wend., 167.

MURRAY, C. J., delivered the opinion of the Court.   HEYDENFELDT, J., concurred.

The only question involved in this case is, whether the Court of Sessions can be holden by the County Judge and one Associate, or on the other hand, is the presence of all three of the Judges necessary.

The eighth section of the sixth Article of the Constitution of the State provides, that "The County Judge, with two Justices of the Peace, to be designated according to law, shall hold Courts of Sessions, with such criminal jurisdiction as the Legislature shall prescribe, &c."   In arriving at a proper construction of this section, it will be necessary to refer to the second section of the same article of the Constitution, which provides, that "The Supreme Court shall be composed of a Chief Justice and two Associate Justices, any two of whom shall constitute a quorum."   By every sound rule of construction, the provision in this section, "that two Justices of the Supreme Court shall constitute a quorum," and its omission in the eighth, negatives the presumption that less than all three of the Judges of the Court of Sessions can properly constitute the Court.

According to the plain language of the section, the Court must be composed of three persons—the County Judge and two Justices of the Peace—all three of these elements are necessary to constitute a unit, viz: the Court, if one is wanting the whole does not exist for any purpose.

Suppose that two Justices of the Peace should hold a term of Court in the absence of the County Judge, is there any doubt that all their proceedings would be *coram non judice*, the law requiring that the County Judge should hold these Courts, and yet the Act does not require the presence of the Judge with more certainty than that of the Justices.

The error of holding Courts of Sessions with less than two Justices, probably arose from the practice in other States, without a proper distinction between the Constitution of those States and that of our own. If the second section contained no provision for a majority composing

a quorum of the Supreme Court, it may be possible that, following the analogy of practice in other States, we might have decided that a majority of the members of either Court were sufficient for the transaction of business.

But the express provision in the second section, and the absence of it in the eighth, taken in connection with the positive and unmistakable language of the section, leave no room to doubt that it was excluded *ex industria* by the Convention. The case of the People *v.* White, 22 Wend., 167, has been cited by the respondents as maintaining a different doctrine. In that case the Court held, that the presence of the Judge of the Circuit Court was unnecessary to the trial, the Court being full and properly composed by an Associate and two Aldermen, although the Circuit Judge had a general right by virtue of his office to preside at its sessions, if he chose to do so.

In commenting on this case, the Court says, "we admit that Judges of a grade and number sufficient to constitute a legal tribunal, must begin and continue through with the trial, but that does not include supernumeraries." This is all that is contended for in the present case. The Justices of the Peace are not regarded by the Constitution as supernumeraries of the Court of Sessions, and in the language of the decision just quoted, they must, as necessary officers begin with, and continue through the trial.

For these reasons the judgment is reversed, and a *venire de novo* awarded.