PEOPLE v. BARBOUR.

The Court of Sessions is composed of the County Judge, and two Associates; and the presence of all is necessary to the transaction of business.
Therefore an entry in the records of the Court, when only the County Judge and one Associate were present, of the resignation of an absent Associate, and the appointment by the Court of a Justice of the Peace in his stead, is a nullity.
Where an indictment is presented to a Court consisting of the County Judge and two Justices of the Peace of the County, the legal presumption is in favor of its validity.

APPEAL from the Court of Sessions of Yuba County.

The facts appear in the opinion of the Court.

Stephen J. Field for Appellant.

At the December Term, 1854, the Court of Sessions opened with the County Judge and one Associate Justice. Thus constituted, it accepted the resignation of William Singer, one of the Associate Justices, declared his office vacant, and appointed Lloyd Magruder, Esq., a justice of the peace, to act as Associate Justice of the Court for the term, to fill the vacancy. Magruder took his seat on the bench, a grand jury was then summoned, by whom, among other things, an indictment was found against the defendant.

The defendant was indicted under the fiftieth section of the act concerning crimes and punishments. That section was amended by the Legislature on the eleventh of April, 1855.

The amendatory act does not change the punishment prescribed by the original act, and so far as the offence is concerned for which the indictment is found, the language of the two acts is identical.

The defendant moved to quash the indictment, and proceedings thereunder, on the grounds: first, that the Court of Sessions, in which the indictment was found, was not legally constituted; and, second, that the law under which the indictment was found had been repealed. The motion was overruled, and the defendant appealed and submitted the following points on appeal:

1. The Court of Sessions, as such, is not properly constituted, unless there are two Associate Justices with the County Judge. Without the three it cannot exist as a Court for any purpose.

No power, as a Court by the Constitution or law, to act at all, unless properly constituted.

No power in the Court to appoint at all, even if properly constituted. The law vests the power to appoint in the County Judge, not in the Court of Sessions. Act concerning Courts and Judicial officers, § 54. The People v. Ah Chung, 5 Cal., 103.

Is the law constitutional which vests the appointment in the

County Judge? He can exercise no functions except of a judicial character. The appointment or designation of an Associate Justice is not a judicial act. The appointment or designation to an office is the exercise of a power or function appertaining to the executive department of government. Dickey v. Hurlbut, 5 Cal., 343.

The last provision of section eight, of article six of the Constitution, is controlled in its extent by article three.

A judicial act is one requiring the exercise of judgment upon rights which are the subject of inquiry or litigation. For the performance of a judicial act there must be a proceeding to which there are different parties.

2. The law under which the indictment was found has been repealed, and such repealed law has not been continued in force as to pending prosecutions, or as to violations of the law existing at the time of the repeal.

The amendatory act operates only in future. It cannot act retrospectively. Its existence commenced April 11, 1855, and the section of the old law under which the indictment was found, ceased that day. See Smith's Comm., p. 892; Commonwealth v. Marshall, 11 Pick., 350; Butler v. Palmer, 1 Hill, 330.

The act of May 17, 1853, declaratory of the effect of the repeal of criminal laws, is of no effect. The penalty is a necessary part of the law, and it cannot exist when the law is gone. This act is too defective. To sustain an indictment and punishment, the repealed law must be continued in force as to pending prosecutions, or offences committed under it. Comp. Laws, p. 90; 1 Blacks., 54.

*Thomas H. Williams, Attorney-General,* for Respondent.

Appellant urges two objections to the indictment:

1. That the Court was not legally constituted; and,

2. That the law under which the indictment was found had been repealed at the time the case was called for trial in the Court below.

In answer to the first proposition, I would remark that the Constitution, Article 6, section 8, provides that the County Judge, with two associates, to be designated by law, shall constitute the Court of Sessions, and I contend that the Associates Justices, in this instance, were designated substantially in the manner pointed out by law.

The law provides that the Associate Justices shall be chosen by the Justices of the Peace of the County, at a convention held for that purpose, over which the County Judge shall preside; and if, at any time, there shall be a vacancy, or one or both of the Justices shall not appear at the meeting of Court, then the County Judge may designate the requisite number to form the Court, from the Justices of the Peace of the County.

I presume that the part of the record which shows the acceptance of the resignation of Justice Singer amounts to nothing except so far as it proves a want of full bench, for the law does not require his resignation to be received, nor does authorize it: therefore, a record showing a fact neither required nor authorized by law, would, if attempted to be used for the purpose stated upon its face, prove nothing. So soon as his resignation was filed with the clerk, there became a vacancy which might be filled by the County Judge.

Then, the only question to be considered in this connection is whether the County Judge did designate Justice Magruder to supply, temporarily, the vacancy caused by the resignation of Justice Singer. If the record upon this point proves anything, it proves that the County Judge and one associate were sitting as a Court (to use the terms employed by the clerk,) and that said County Judge ordered that Magruder complete the bench, and Soules, Esq., (one of the regularly elected associates) concurred; whereupon the clerk made an entry, "Ordered by the Court, etc." In other words, the County Judge designated Magruder to fill the vacancy, and Soules concurred in the propriety of so doing. If it appears to this Court that the County Judge did act in the matter, then, clearly, it would make no difference how many persons so advised or concurred. Suppose that the record should show that the clerk and sheriff, who are named, also concurred, it could not affect the validity of the act of the County Judge. I apprehend that it must be clear to this Court that the County Judge did designate Justice Magruder, for as there were only two persons then upon the bench, a disagreement would have resulted in no appointment, provided the Judge consulted or regarded the disposition of his associate.

Again, I am of opinion that there is no legal evidence before this Court of the manner or circumstances of the appointment of Justice Magruder.

It is clear that unless the law either requires or authorizes the clerk to make an entry upon his books, then such entry is not evidence of its contents.

Now, the clerk is only required to enter, under direction of the Court, all orders, judgments, and decrees proper to be entered, etc. Wood's Digest, page 88, § 8.

It is not his duty to enter, under the direction of the Judges, the proceedings and acts of the Judge, but the proceedings, etc., of the Court. Then it follows that, as the clerk is not authorized to enter the statement of appointment by the County Judge, of the associate, such a statement is not evidence.

No injustice can be done by the application strictly of the rules suggested, because the mode and manner of appointment of Associate Justice, could be brought before this Court, by a state-

ment of the case or bill of exceptions, neither of which has been done in this case.

The record shows that on the day the indictment in this case was found, the Court was composed of the County Judge and two Associates, and the presumption is (until the contrary is shown,) that the Court was legally and constitutionally organized.

It is contended that the designation of an Associate by the County Judge is not a judicial act, and therefore void, to which there are two answers:

1. That there is no legal evidence before this Court that the County Judge did designate either of the Associates, and,

2. The power to designate is given as an incident to the administration of justice, which should properly be exercised by one connected with the particular Court, and is as much judicial in its nature as the order to the proper officer to open and adjourn the Court, and the performance of many such things which arise during the proceedings of the Court.

The same objection might be raised to the entire system of organizing Courts of Sessions, which now prevails with us, for the associates are elected by Justices of the Peace (judicial officers,) in a convention acting under the County Judge. Yet this Court, in perhaps more than a hundred cases, have recognised, if they have not declared, the constitutionality of courts organized under that system, and I presume it is now too late to declare the entire proceedings of the Courts of Sessions, throughout the State, void.

The second proposition of appellant is answered by the act of May 17, 1853, Wood's Digest, page 325.

TERRY, C. J., delivered the opinion of the Court—BURNETT, J., concurring.

Indictment for an assault with a deadly weapon.

This is an appeal from an order of the Court of Sessions, denying a motion to quash an indictment.

The objections taken to the indictment by appellant are:

1. That the Court in which the indictment was found was not constituted according to law.

2. That the law under which the indictment was found has been repealed, and that its provisions were not continued in force as to prosecutions pending under it.

The evidence relied on in support of the first point is an entry in the records of the Court, to the effect that, at the meeting of the Court, there were present the County Judge and one Associate; that the resignation of the absent Associate was read, and ordered to be accepted; and "it is ordered by the Court that Lloyd Magruder, Esq., a duly qualified and acting Justice of the

Peace for said county, be and he is hereby appointed to act, for the present term, as Associate Justice," etc.

The Court of Sessions is composed of the County Judge and two Associates, and the presence of all is necessary to the transaction of business.     (5 Cal., 103.)

If, at the time appointed for holding a term, either of the Associates be absent, it becomes the duty of the County Judge to designate some Justice of the Peace of the county to take the place of the absentee.     Until this is done, there can be no Court for any purpose.     There was no Court in session until Magruder was called to preside, in the absence of one of the Associates.

It is clear, therefore, that this entry is a nullity; it is not a record of the proceedings of a Court; and the fact that the clerk thought proper to insert it in a book used to record such proceedings, can give it no validity.     The indictment was presented to a Court consisting of the County Judge and two Justices of the Peace of the county, and the legal presumption is in favor of its validity.

The act of May 17, 1853 (Wood's Dig., 325,) is a sufficient answer to the second objection.

Judgment affirmed.