<div style="text-align:right">NEW-YORK,<br>May, 1818.<br>HOYT<br>v.<br>GELSTON.</div>

Judgment affirmed.

—————

## HOYT *against* GELSTON.

THIS cause, (see vol. 13. p. 561—590.) having been carried by writ of error to the supreme court of the *United States,* was there affirmed, with damages and costs. The judgment of affirmance was rendered on the 27th of *February* last, and the mandate of the supreme court of the *United States* to this court was presented and filed the first day of the term. The court above awarded the interest at the rate of six per cent.; and a question now arose, on the taxation of costs, whether the interest was to be computed to the first day of this term, or only to the 27th of *February,* when the judgment of affirmance was given, there being no direction, in the mandate of the supreme court of the *United States,* as to the time to which the interest was to be computed.

<div style="float:right;width:30%">Where a judgment of the court of errors, affirming a judgment of this court, is affirmed by the supreme court of the *United States,* on a writ of error from that court, *interest* on the judgment is allowed only to the time of rendering the last judgment of affirmance.</div>

*Hoffman, T. A. Emmet,* and *C. Graham,* for the plaintiff.

*Baldwin,* contra.

*Per Curiam.* This court cannot pronounce any new judgment in this case. It can only carry into effect the judgment of the supreme court of the *United States.* In the computation of interest, therefore, the taxing officer must not go beyond the time of the judgment of affirmance, that being

NEW-YORK,     the last act of the court above.    The practice, in this re-
May, 1818.    spect, in our state courts, is regulated by statute, which can-
RYCKMAN      not apply to this case.
   v.
HAIGHT.