ALBANY,
January, 1830.

Sayre
v.
Austin.

---

SAYRE and TOLER *vs.* AUSTIN and FAIRMAN.

Interest may in all cases be collected by action of debt on judgment; and where the judgment is rendered on contract, it may be collected by directing its levy upon execution.

THIS was an action of debt, tried at the New-York circuit in March, 1826, before the Hon. WILLIAM A. DUER, then one of the circuit judges.

The declaration contained three counts : 1. On a judgment in assumpsit, in favor of the plaintiffs against the defendants, for $481,41, obtained in the term of August, 1804 ; 2. On another judgment in assumpsit, of the same term, for $461,-27 ; 3. A count for *interest* upon and for the forbearance of divers large sums of money before then lent and advanced, and due and owing by the defendants to the plaintiffs, and forborne by the plaintiffs at the special instance and request of the defendants, whereby an action accrued, &c. The suit was commenced in August, 1824, within 20 years after the rendition of the judgments declared on. The defendants pleaded to the two first counts payment and satisfaction, and to the third count *nil debet* and the statute of limitations. To the pleas of payment and the statute the plaintiffs replied.

On the trial of the cause a verdict was entered for the plaintiffs by consent for $942,67 *debt*, and $1434,91 (being the amount of interest upon the judgments) *damages*, by way of interest, subject to the opinion of this court on a case to be made.

*W. A. Seeley*, for plaintiffs. A plaintiff is entitled to his action of debt on judgment, in which the interest on the judgment may be recovered *by way of damages*. (6 Johns. R. 43, 284. 2 Vesey, jun. 162, 167, 168, n. 5 Binney, 58. 4 Dallas, 252. 1 Chitty's Pl. 354. 2 id. 181.) The action is on judgments in nature of specialties, and the statute of limitations does not apply except as to the third count, which may be regarded as surplusage.

ALBANY,
January, 1830.

Sayre
v.
Austin.

*R. L. Wilson,* for defendants. At the time of the rendition of the judgments declared on, *interest* could not be levied upon executions. The right to do so was given by statute passed subsequent to the rendition of those judgments, viz. in 1806. The plaintiffs ought not to permitted to recover more than they would have been entitled to recover had they revived those judgments by *scire facias.*

The demand of the plaintiffs should be considered as a demand upon a specialty in which interest is not reserved. In such case interest is not recoverable until after *demand made.* (2 Gallison, 45, 6.) Interest is not allowed on taxation of costs where no delay has been occasioned by the defendant. (2 Caines, 253.) No demand being shewn, the plaintiffs are entitled to recover only from the commencement of the suit. (15 East, 223. 1 Campb. 49, 52.)

The demand for interest in this case is in the nature of a simple contract debt, and not of a specialty. The interest is demanded in the third count in consequence of the forbearance of the plaintiffs. This count could be supported only by proof of a request to forbear, or an implied request. No proof was offered, and the implied request is destroyed by the plea of the statute of limitations. Bull. N. P. 149 6 T. R. 193. 6 Vesey, 215. 20 Johns. R. 582.)

*By the Court,* Sutherland, J. The act of 1813, (1 R. L. 506,) merely provides, that in all executions to be issued on judgments *thereafter* to be recovered upon contracts, it shall be lawful to direct the collection of the interest on the said judgments from the time of recovering the same until paid. It is not by virtue of this act that judgments carry interest ; it only authorizes the collection of it upon execution.

It cannot be contended, with any shew of reason or authority, that a judgment is a debt not due until a demand of payment is made, after the original cause of action has not only been demanded, but has been prosecuted to judgment, the highest evidence of debt known to the law, and which authorizes the plaintiff immediately to issue an execution

'ALBANY,
January, 1830.

and seize either the property or the person of the defendant. It certainly savours somewhat of extravagance to maintain that the judgment is not a debt due in every possible sense of the term. It is a debt due, with interest from the time of its rendition, which, since the statute, may be collected upon the execution, and before the statute, could have been recovered by action of debt upon the judgment.

It might have been recovered under the two first counts; and there being no evidence applicable to the third count, we have a right to consider the verdict throughout as given upon those counts. It is then unquestionably a demand in the nature of a specialty, and the statute of limitations does not apply.

Judgment for plaintiffs.