LEWIS E. JONES & BENJAMIN SMITH, *Plaintiffs in Error*,

*vs.*

ROBERT A. LAKE, *Defendant in Error.*

ERROR TO WALWORTH COUNTY COURT.

This court has repeatedly decided, that the party offering evidence, must render the same competent, in the order in which and at the time when, the same is tendered.

In order to enable a party to attack the sale of property on the ground that it is fraudulent and void as against creditors, it is necessary that the party so seeking to attack such sale, must first show that he is a creditor.

It is not sufficient to establish an indebtedness, on the part of an attaching creditor, to give in evidence the writ of attachment.

Unless the party, seeking to avoid a sale of property, on the ground that it is fraudulent as to creditors, first shows by competent proof that he is a creditor, evidence on his part to impeach such sale on such ground, is inadmissible.

A sale of property fraudulent as to creditors of the vendor, merely, is valid as to all but creditors, and can only be attacked by such, after their relation of creditors is shown.

A sale however fraudulent, as to creditors merely, is good as between the parties, and all the world except creditors, and none but such can be permitted to impeach it.

The existence of the indebtedness, or the relation of creditor, by virtue of which a party seeks to attack a sale of property, will not be presumed, but must be affirmatively shown, in order to open the door for evidence to impeach the sale.

It is no defence for a mere *tort feasor*, that the property of the plaintiff has been acquired in fraud of the creditors of the vendor ; nor, is it any more available to such *tort feasor*, that the property has been acquired, purchased or procured by the plaintiff in fraud of a firm of which the plaintiff's vendor was a member.

A liberal latitude should be allowed, in the introduction of evidence to prove fraudulent conveyances and transfers of property to defeat, hinder or delay creditors, in the collection of their debts. But the indebtedness, or relation of creditor ought first to be established ; and until this is done, all attempts to prove the fraud are immaterial, because such sales or transfers are fraudulent only as to creditors.

Dec. Term
1853.

Jones and
Smith
vs.
Lake.

This cause was brought into the Walworth County Court, by appeal from the judgment of a justice of the peace of that county, and was tried at the September Term, 1852.

The plaintiff below, now defendant in error, declared in tresspass, for taking and carrying away twenty hogs, and twenty pigs, the property of the plaintiff, of the value of $100.

The defendants pleaded the general issue, and gave notice, in writing, that at the time of the taking, the hogs were not the property of the plaintiff, but were the property of Henry D. Cotton and one Henry Lake, and that the defendants took the hogs, under and by virtue of a writ of attachment, issued by one Daniel Hooper, a justice of the peace of said county, against the property of the said H. D. Cotton and Henry Lake.

A jury was waived by the parties, and the cause was tried before the court. On the trial, the plaintiff below proved by a witness named Pond, that the witness took the hogs off the place of the plaintiff, under the direction of the defendants ; that they were sold under the direction of the witness, and were bid off by Jones, one of the defendants ; and that plaintiff forbade the sale. There was also further evidence, tending to prove a sale by Henry Lake to the plaintiff, and the possession of the latter ; and also the value of the property.

On the part of the defendants, evidence was introduced tending to disprove the plaintiff's exclusive possession ; to prove the partnership between Henry Lake and Cotton ; that the property in question had been the property of Lake and Cotton, and that the sale and transfer by Henry Lake to Robert A. Lake,

Dec. Term
1853.

Jones and
Smith
*vs.*
Lake.
of the property in question under which the plaintiff claimed, was in fraud of Cotton as partner, and in fraud of the creditors of Lake and Cotton.

The defendants then made different and many offers of evidence, tending to show that the sale by Henry Lake to Robert A. Lake, was voluntary, without consideration, and fraudulent, as against the creditors of Lake and Cotton ; that the property had been in the possession of Lake and Cotton, up to the time of the pretended sale, and that circumstances accompanying the pretended sale and change of possession by Henry Lake to Robert A. Lake, showed clearly a fraudulent intent on the part of Henry and Robert A. Lake to defraud, as well Cotton, the partner of Henry, as the creditors of Cotton and Lake. To all of which objection was made, and the evidence rejected, and exceptions taken by the defendants.

The defendants made no offer of evidence to prove the indebtedness of Cotton and Lake to them, nor of the writ of attachment, under which they claimed to have taken and sold the property; nor, to establish any relation, by which they claimed any special right to attack the sale to Robert A. Lake, as fraudulent.

The County Court gave judgment for the plaintiff, and the defendants now bring their writ of error.

The cause was submitted to this court on written arguments, by the counsel for the respective parties.

*E. Wakeley* & *U. D. Meacham*, for the plaintiffs in error.

*Winsor* & *Smith*, for the defendant in error.

[This cause was argued at considerable length by

the respective parties; but as the decision of the case is based upon the fact, that the defendants in error did not place themselves in a proper position to attack the sale of Henry Lake to Robert A. Lake, by proving their relation of creditors of Henry Lake, or of Lake and Cotton, or their relation of subsequent purchasers in good faith, it is not deemed necessary to publish the arguments, or a synopsis thereof, as the opinion of the court sufficiently states the facts on which it is based.]

*By the Court*, SMITH, J. This is an action of trespass *de bonis*, for the taking and carrying away of the plaintiff's hogs and pigs. The plea is the general issue, and notice is given under it, that the defendants will prove on the trial that the property, at the time of the trespass alleged, was the property of Henry D. Cotton and Henry Lake, and that the same was taken under an attachment issued by Dean Hooper, justice of the peace, in favor of the defendants, against Henry Lake and the said Cotton.

The defence in this case, on the part of the defendants below, as disclosed by the pleadings, and as indicated by the evidence offered, is not based upon a denial of the actual possession of the plaintiff below, nor upon a denial of such a title in him as would draw to it the possession in him. But the theory of the defence is, that the plaintiffs in error were attaching creditors of Cotton and Lake, and as such they had the right to attack the sale or transfer of the property by Henry Lake and Henry D. Cotton to Robert A. Lake. It is not perceived in what manner the defendants below placed themselves in an attitude or position to enable them to attack such al-

DEC. TERM 1853.

Jones and Smith *vs.* Lake.

leged sale. We have repeatedly decided, that the party offering evidence, must render the same competent, in the order in which, and at the time when, it is tendered. Before it was competent for the defendants below to impeach the sale by Henry Lake of his firm of Lake and Cotton, on the ground of fraud, it was necessary that they should show they were creditors of Lake and Cotton. This is not alleged in the notice accompanying the plea of the general issue, and though we should give to that notice, in a justice's court, a liberality so extensive as to imply the relation of creditor from the facts stated in it, in regard to the attachment issued in their behalf, yet, not even the attachment appears to have been given in evidence ; and if it had been, it would not have proved, nor tended to prove, an indebtedness on the part of Lake and Cotton. The circumstances which tend to prove a sale fraudulent, such as many of those offered by the defendants below, would certainly have been admissible, had the proper foundation been laid, by first proving the indebtedness which created the relation of creditors. A sale, however fraudulent as to creditors merely, is good as between the parties, and all the world except creditors Hence, in an action of this kind, none but such are permitted to impeach it. It is no defence for a mere *tort feasor*, that the property of the plaintiff has been acquired in fraud of creditors. Nor, is it more available to allege that the plaintiff had purchased or procured the property in fraud, of the firm of which his vendor was a member.

It it not necessary to examine particularly all of the propositions or offers of evidence by the plaintiffs

in error. Usually, a liberal latitude is allowed, when it is attempted to impeach a sale as fraudulent as against creditors. But the party seeking to do this must first prove the indebtédness to- him, and establish his relation of creditor. As -this was not attempted, nor any offer made to do so, accompanying the offers of the evidence below, we think the court below was correct in its ruling, and the judgment ought to be affirmed.