FRANCIS D. McCARTY, Plaintiff in Error,

*vs.*

THOMAS Q. GAGE, Defendant in Error.

### ERROR TO THE FOND DU LAC CIRCUIT COURT.

Proof that property was "taken on [an attachment issued on an indebtedness which accrued the    day of    " is no justification for the taking without showing the official character of the person serving the writ, and the court or magistrate from which it issued.

A sheriff or other officer is not authorized to serve a writ of attachment on property unless the affidavit be made, which is provided by chapter 112, § 2 of the Revised Statutes, and annexed to the writ.

The statement of this case, and all the facts for the determination of it, will be found in the opinion of the court.

*By the Court*, WHITON, C. J. This was an action of replevin in the cepit, for taking a "pair of horses and one two horse harness." The plea was the general issue, with a notice of special matter of defence. The bill of exceptions is so meagre, that it is difficult to ascertain, what was in fact decided by the court below. It states that the plaintiff proved the taking, and detention of the property mentioned in the declaration, that he had no other property of the same kind, and that the horses were his only team, and the harness, the only harness he had. It further states that the "defendant proved that the property above mentioned, was taken and detained by his deputy, on a writ of attachment, issued on an indebtedness which accrued on the 7th day of July, A. D. 1848." The above is a statement of all the testimony set out in

the bill of exceptions. There is no proof to show that the "deputy" spoken of was authorized to serve the writ of attachment, as there is no evidence to prove that the defendant was a sheriff or a marshal, and thus authorized to appoint a deputy; there is no testimony to show from what court or magistrate the writ of attachment issued, whether from a justice of the peace, a court of record of the State, or of the United States, nor is there any testimony to show that the affidavit was made, which is necessary, in order to authorize the execution of the writ of attachment as provided in section 2, of chapter 112 of the Revised Statutes, and upon looking at the notice accompanying the defendants plea, we find it wholly insufficient to authorize the introduction of such proof. It states in substance that the taking of the property complained of was by virtue of a writ of attachment duly issued out of the Circuit Court for the county of Fond du Lac, against the goods, &c., of the plaintiff; that the defendant as sheriff of the county, specially deputed one William Roberts to serve and return said writ, and that by virtue of it and the special authority given him, the said Roberts did seize and take the property. . This is the substance of the notice, so far as it relates to the authority for taking the property. It will be seen that it omits entirely to set forth that the affidavit was made and annexed to the writ, without which the latter could not be executed.

This material fact, should have been averred and proved. As the bill of exceptions states that the plaintiff proved the taking and detention of the property mentioned in the declaration, and that he had no *other* property of the same kind, it appears that he

proved not only the taking of the property by the defendant, but that the property belonged to him. He thus made out his case *prima facie;* it consequently became necessary for the defendant either to rebut the plaintiff's testimony which established the taking, under the plea of the general issue, or justify the taking under the notice.

He did neither. According to the bill of exceptions he proved only, that the property was taken by the deputy of the defendant, on a writ of attachment, "issued on an indebtedness which accrued on the 7th day of July, A. D. 1848." He did not prove, that the defendant was the sheriff of Fond du Lac County as he had averred indirectly in the notice and so was authorized to appoint a deputy, nor that the writ of attachment issued from the Circuit Court for that County, as he had also averred in the notice. He did not prove that the necessary affidavit was annexed to the writ, to justify its execution. This fact, as we have seen, he could not have proved, if the testimony to establish the fact had been objected to for want of the necessary averment in the notice. The defendant having thus failed to establish any defence to the action, we do not think that we are called upon to decide whether the judge was correct or not, in refusing the instructions which the defendant requested him to give the jury. They had no application to the case, and it is not error to refuse instructions of that character.

The judgment must therefore be affirmed.