## ORLANDO B. GRAVES, Plaintiff in Error,

*vs.*

## HERMAN SITTIG, Defendant in Error.

ERROR TO FOND DU LAC CIRCUIT COURT.

It is an essential pre-requisite to the prosecution of an action of replevin, when the goods are replevied by the officer under the writ, for the plaintiff in the suit, within a reasonable time, to make out and perfect the bond required by the statute ; and his neglect or refusal to do so will operate as' a discontinuance of the suit.

Where property has been replevied, and the plaintiff neglects to comply with the statute by giving bond and taking possession of the goods, he cannot afterwards claim damages for the depreciation of the goods so remaining in the hands of the coroner through his neglect and default.

The general rule is, where a party has a judgment in his favor for the caption and detention of goods replevied, that he is entitled to damages for such unjust detention ; and interest upon the value of the goods unlawfully taken, ordinarily forms a proper measure of damages.

THIS was an action of replevin brought by the defendant in error against the plaintiff in error, in the Brown county Circuit Court for the recovery of a stock of goods, taken by said Graves as sheriff of Brown county, and, upon change of venue, tried in the county of Fond du Lac.

To the declaration of the plaintiff below, the defendant below pleaded the general issue, and subjoined thereto a notice, that on the 30th day of April, 1853, at said Brown county, a writ of attachment, in due form of law, was issued out of the office of the clerk of the Circuit Court in and for said county, by the clerk of said court, wherein Alexander S. Anderson was plaintiff, and Alexander Sittig was defendant, which writ was then and there delivered to the said Orlando B. Graves, defendant as aforesaid, then and there being sheriff of said county of Brown ; that in and by said writ, the said defendant, sheriff as aforesaid, was commanded to attach the lands, tenements, goods, chattels, moneys and effects, of the said Sittig, sufficient to satisfy the de-

mand of the said Anderson, which demand amounted to the sum of one thousand five hundred and thirty-three dollars, according to the affidavit annexed to said writ of attachment; that by virtue of the said writ of attachment, the said defendant, on the 31st day of December, A. D. 1853, did attach and seize the proper goods and chattels of the said Alexander Sittig, the goods and chattels in the plaintiff's declaration mentioned, &c.

And also, a like notice of the taking of said goods by the defendant as sheriff, under another writ of attachment issued at the suit of Charles I. Kane and Henry P. Hubbell, for the sum of two thousand and fifty dollars, from the same court.

On the trial of the cause in the court below, the plaintiff therein claimed the goods in question under a bill of sale made by the said Alexander Sittig to the said Herman Sittig, for the express consideration of five thousand four hundred and sixty-four dollars and ten cents, on the 5th day of December, 1853.

The plaintiff introduced said bill of sale in evidence, and offered to prove the deterioration of the goods in value since they came to the possession of the sheriff, with a view to the question of damages, to which testimony the defendant objected, but the objection was overruled by the court and exception taken.

The defendant Graves then offered in evidence certain writs of attachment issued against Alexander Sittig, on which said goods were seized, and also offered to prove, by different witnesses in attendance, sundry facts tending to show that the alleged sale from Alexander Sittig to Herman Sittig was intend-ed to delay and defeat the creditors of the said Alexander, and was fraudulent and void; all of which was overruled by the court, and exception duly taken.

The court also charged the jury that if they found for the plaintiff, the measure of damages which the plaintiff was entitled to recover would be interest at seven per cent. upon the value of the goods from the taking, together with such an amount as would recompense the plaintiff for his loss by the deterioration of the goods; to which opinion of the court the defendant excepted.

Verdict and judgment for plaintiff.

*Tim. O. Howe*, for the plaintiff in error.

The notice was sufficient, and the evidence offered on the part of the defendant below ought to have been received by the court.

1. The omission to annex an affidavit to a writ of attachment does not make the writ void but voidable. The remedy for such defect is by motion to set aside either the writ or the service of the writ; and not by action of trespass or replevin against the officer.

If a remedy can be had by appeal, trespass cannot be maintained. 10 *Coke R.* 76, *and note*; *Henderson vs. Brown*, 1 *Caines R.* 90; *Hecker v. Jarrett*, 3 *Bin.* 404; 7 *Conn.* 11; 3 *M. & S.* 411.

Error in the process will not excuse the sheriff from serving the same. 10 *Coke*, 76, *note G.*

The annexing an affidavit is no more necessary than the affixing a seal to or the testing of a writ. But all such defects may be supplied by amendment. *Bronson vs. Earl*, 17 *J. R.* 63; *Raymond vs. Hinman*, 4 *Cow.* 41; *Blue vs. Stout et al.*, 3 *id.* 354; *McConkey vs. Glen*, 1 *id.* 141; *People vs. Dunning*, 1 *Wend.* 16.

2. The court erred in directing the jury to allow interest to the plaintiff on the value of the goods:

1st. Because in all actions of tort the amount of damages is a question of fact, and not of law.

2d. Because the rise in the value of the goods might, and probably would, compensate the party for the detention.

3d. Because the plaintiff obtained possession of the goods under his writ, or might have done so.

*Charles A. Eldredge* and *Ed. S. Bragg*, for defendant in error.

1. The admission of immaterial evidence, which could not affect the verdict, although erroneous, is not sufficient to authorize a reversal of the judgment. 2 *Wis.* 62.

2. When objections are taken to testimony for specific reasons, the party taking such objections will be confined, in this court, to the grounds assigned by him in the court below. 2 *Selden*, 345.

3. The offer to prove the sale from Alexander Sittig to the plaintiff fraudulent as to creditors, was properly overruled. Because—

1st. The motion was defective in not averring that the parties under whom the defendant justified were creditors at the time of such sale, or that Alexander Sittig had any creditors at that time, or at any other time.

2d. That the notice did not aver that any affidavit was made or attached to the writs of attachment under which the defendant seized and claimed to hold the property in controversy. 2 *Wis.* 210; 3 *id.* 404; 5 *Ohio*, 340; *id.* 169, *and cases cited.*

4. The rule of damages for the detention of property is the same as in trespass *de bonis.* It was proper to prove the deterioration of the value of the property, and the charge of the judge allowing interest was correct. *Sedgwick on Damages*, 499, 502; 14 *J. R.* 385; 21 *Wend.* 144; 15 *Pick.* 71; 16 *Mass.* 465.

5. The objection taken to the ruling of the court, refusing to dismiss the writ of replevin upon motion of the defendant, cannot be considered, as it is not embodied in the bill of exceptions, and forms no part of the record.

*By the Court,* COLE, J. There can be no doubt but the instructions given to the jury in this case, by the Circuit Court, were erroneous. The court charged the jury, that if they found for the plaintiff, the measure of damages which the plaintiff was entitled to recover would be interest at seven per cent. upon the value of the goods from the time of taking, together with such an amount as would recompense the plaintiff for his loss by deterioration of the goods; to which charge the defendant below excepted.

In the present case, the goods in question were replevied from the possession of the plaintiff in error, who, as sheriff of Brown county, had seized them upon a writ of attachment issued against Alexander Sittig, the vendor of the defendant in error, and plaintiff below, and remained in the possession of the coroner, on account of the neglect or refusal of the defendant in error to give the bond required by sec. 8, ch. 119, Revised Statutes. At this term, this court decided, in the case of *Morris vs. Baker et al.,* (*post*), that it was an essential prerequisite to the prosecution of an action of replevin, when the goods are replevied by the officer

under the writ, for the plaintiff in the suit, within a reasonable time, to make out and perfect the bond required by the statute, and that his neglect or refusal to do so would operate as a discontinuance of the suit. It does not appear from the bill of exceptions in this case, that any motion was made in the Circuit Court to dismiss the suit on account of the failure of the plaintiff to give the bond, and therefore the ruling of the court upon that motion, whatever it might have been, is not now properly before us for consideration. But still the property remained in the custody of the coroner, wholly from the neglect of the plaintiff in error to comply with the provisions of the statute. It was his duty to have executed the replevin bond and obtained possession of the property. Having neglected to do so, there is no justice in giving him damages for the detention of the property, or its depreciation while in the hands of the coroner.

The general rule is, when a party has a judgment in his favor for the caption and detention of goods replevied, that he is entitled to damages for such unjust detention; and interest upon the value of the goods unlawfully taken, ordinarily forms a proper measure of damages. In this case the court made no distinction between damages for the detention before the service of the writ and after service. It was the plaintiff's own fault, as we have already said, that he did not obtain possession of these goods by the service of the writ of replevin, and he ought not to be permitted to derive advantage from his own neglect, and recover damages for the detention or depreciation down to the time of trial.

We express no opinion upon the other point in the case as to whether the court erred in holding the notice accompanying the plea insufficient to admit under it evidence to show that the sale of the plaintiff below was fraudulent and void. Counsel are undoubtedly familiar with the ruling in the cases of *Jones et al. vs. Lake* (2 *Wis.* 210), and *McCarty vs. Gage* (3 *Wis.* 404), and the doctrine of those cases, so far as it may have a bearing upon the present case, it is not proposed to disturb.

For the reasons already given, the judgment of the Circuit Court is reversed and a new trial ordered.