## BOOTH VS. ABLEMAN and another.

*Interest on money judgments—Damages for unlawful taking &c. of goods from officer—Judgment in replevin against sureties.*

1.  All money judgments rendered in this state, whether by the state or United States courts, bear interest from their date.
2.  Where the United States marshal levied upon property to satisfy such a judgment in the district court, and the execution defendant wrongfully repossessed himself of the property under a writ of replevin from a state court, that court, in determining the amount for which the marshal was entitled to judgment (where a return of the property could not be had), should have treated the amount of the judgment in the district court, *with interest* thereon to the day when the goods were replevied, as the measure of the marshal's interest in them on that day, and should also have allowed interest on that amount from that day as damages for the unlawful detention.
3.  The decision in *Pratt v. Donovan,* 10 Wis., 378, that where a judgment is rendered against the plaintiff in replevin, it may at the same time be entered up against the sureties on his undertaking, adhered to.

DOWNER, J., dissents as to the first two propositions.

APPEAL from the County Court of *Milwaukee* County.

*Booth* brought his action against *Ableman* and *Coggswell* to recover possession of certain personal property ; and the de-

fense was, that the defendants took and detained the property as marshal and deputy marshal of the United States, by virtue of an execution against the property of *Booth* issued out of the district court of the United States for the district of Wisconsin to make the amount of, an unsatisfied judgment in said court in favor of one Garland.    In accordance with a direction of the plaintiff's counsel, indorsed upon an affidavit of the plaintiff filed in the cause, the sheriff took possession of the property and delivered it to the plaintiff.    The cause was here twice before on appeal of the defendants (16 Wis., 460 ; 18 id., 495) ; and on the last appeal this court reversed an order or judgment of the county court "that the action be dismissed for want of jurisdiction, and that the sheriff return the property to the defendants ;" holding that the defendants were entititled to a verdict and judgment "for the value of the property in case a return of it could not be had."

At the subsequent trial, the plaintiff put in evidence the record of the former proceedings in the action, and rested ; and on motion of the defendants, judgment of nonsuit was then entered against him.    Defendants then read to the jury the pleadings herein, and also the plaintiff's affidavit above mentioned, the direction to the sheriff indorsed thereon, and the sheriff's return, showing the taking of the property and delivery thereof to the plaintiff.    They then offered the plaintiff's affidavit as evidence of the value of the property, the value therein stated being $1,600 ; and the evidence was admitted against plaintiff's objection.    For the purpose of showing their special property in the chattels so taken, they then put in evidence the record of the proceedings and judgment in the suit of Garland against *Booth* in the district court.    The judgment was rendered August 5, 1855, for $1,000 damages, and $246 costs.    It appeared from the record that on the execution sale of certain property of *Booth* levied upon February 2d, and sold February 24th, 1857, the sum of $175 had been made on said judgment ; and that on the 4th of April following the marshal fur-

ther levied on the property here in dispute, which was taken from his possession by the sheriff, as above stated, on the 9th of the same month. It further appeared that there were clerk's and marshal's fees subsequent to that judgment, amounting to $12, making the total costs $258. The execution issued from the district court, after proceeding in the usual form, contained the following words: "And if sufficient property to satisfy the writ cannot be levied, you are further commanded to attach, in the hands of the said *Sherman M. Booth* or any other person or persons, all property, real or personal, goods or chattels, moneys, choses in action, and all equitable interests of said *Sherman M. Booth* in the same." There was also a command endorsed upon the writ directing the officer to collect, among other things, *interest* on the debt from August 6, 1855. An objection by the plaintiff to the admission in evidence of said execution, was overruled. The plaintiff then offered to show that in the action in said U. S. district court, J. E. Arnold, Esq., was one of the attorneys of said Garland, and that he (the plaintiff in this action) had paid or caused to be paid on said judgment to said Arnold, as said attorney, more than the damages and costs recovered in said judgment, and that nothing remained due on said judgment. For this purpose he introduced the record in the circuit court for Milwaukee county, of an action by him (said *Booth*) against said Arnold, which was replevin for the property levied upon by the marshal on the second, and sold on the 24th of February, said Arnold having purchased the same at such sale and taken possession thereof. (See *Arnold v. Booth*, 14 Wis., 180.) The plaintiff also introduced as a witness Francis J. Blair, who testified that he was one of the sureties on *Booth's* replevin bond in his action against Arnold; that after the judgment was reversed in the supreme court and the cause remitted to the circuit court, he made an arrangement with Arnold and settled the case, paying him $2700 or $2800, and the costs in the supreme court; that he realized $1640 of this amount from

property of *Booth* turned out to him as security for his liability on said replevin bond. As witness for himself the plaintiff then testified that the property sold by the marshal to Mr. Arnold was worth $2500 ; and that he and his friends did not bid at the sale because, under the advice of counsel, they regarded the sale as void.

The court instructed the jury to find that the defendants were entitled to a return of the property taken by the plaintiff, and that the value of the property was $1600 ; that they should also find the value of the special property which the defendants had in the goods at the time of the taking ; and in determining this, should take the amount of the judgment for damages in the district court ($1000), without any interest, together with the amount of the costs ($258), and deduct from their sum the $175 paid ; and that they should then find six cents for the damages of the defendants for the taking and detention. The court refused instructions asked by the defendants as follows : "that in ascertaining their special property in the goods at the time of the taking, they should compute the amount due and unpaid on the judgment in the district court on the 9th of April, 1857, allowing interest on the debt of $1000 from August 6th, 1855, up to February 24th, 1857 ; then deducting the sum of $175 ; then adding to the balance the amount of the costs of said judgment ; then adding interest on the sum thus made, from said 24th of February to said 9th of April, 1857 ; and that they should then assess the defendant's damages by reason of the taking and withholding of said property from them, which would be the interest from said 9th of April, 1857, to that time, on the value of the special property of the defendants in said goods on said 9th of April," ascertained as above stated.

The court also refused an instruction asked by the plaintiff, to the effect that the payment made by Blair to Arnold was to be treated as a payment in satisfaction of the judgment in favor of Garland against Booth, and as extinguishing any claim

of the defendants in this action, except for nominal damages.

Verdict in accordance with the instructions given. Judgment was rendered upon the verdict against *Booth*, and also against his sureties on the undertaking in this action, *William A. Prentiss* and *Edward D. Holton*. The defendants and the plaintiff and said sureties settled their several bills of exceptions, and appealed.

*H. F. Prentiss*, for the plaintiff, argued, among other things, that the defendants were not entitled to interest on the judgment in the district court. It is only by statute that interest can be collected on any judgment. *De La Vergne v. Evertson*, 1 Paige, 181; *Mason v. Sudam*, 2 Johns. Ch., 172; *Watson v. Fuller*, 6·Johns., 283. Under the act of Congress of 1842, interest is allowed on judgments in the circuit or district courts of the U. S. only in those cases where, by the law of the state, interest may be levied under process of execution on judgments recovered in the state courts. But by sec. 14, ch. 134, R. S., interest can be collected on execution in this state only in the case of judgments on contract or upon prior judgments. 2. Executions on judgments in the U. S. courts are to be the same as are used in the courts of the state. Brightly's Dig., p. 260 and notes. That on which the property in question was taken by the marshal was not such an execution as was authorized by the laws or practice of this state. The incorporation into it of a command "to attach" &c., was an abuse of the process of the court. *Denton v. Livingston*, 9 Johns., 99; *Ingalls v. Lord*, 1 Cow., 240; *Ransom v. Miner*, 3 Sandf., 692; *The M. F. & M. I. Co. v. Weeks*, 7 Mass., 438; *Perry v. Coates*, 9 id., 537; *Badlam v. Tucker*, 1 id., 389; *Bigelow v. Wilson*, id., 485. So, too, of the command to collect interest. *Watson v. Fuller, supra.* 3. Counsel contended that equity and good conscience required that the payment made by Blair to Arnold should be applied in satisfaction of the judgment of Garland against *Booth*. *Howell v. Baker*, 4 Johns. Ch., 118; *Tripp v. Cook*, 26 Wend., 156; *Collier v. Whipple*, 13 id., 224; *Williamson v. Dale*, 3 Johns. Ch., 290.

*J. E. Arnold,* for defendants, argued that Garland was entitled to interest on his judgment (22 Wend., 157, and cases there cited); that the act of Congress of 1842 (5 U. S. Stat. at large, 518), was not intended to *limit* the power of the U. S. courts in allowing interest on judgments, but to extend such allowance to all cases where it was allowed in the several states, and at any rate of interest permitted by the laws of such states; and that in any event the defendants were entitled to interest from the time of the unlawful taking by the plaintiff, as part of their damages. R. S., ch. 132, sec. 11.

COLE, J. The material question arising on this appeal, and the only one about which I have had any difficulty, is that which relates to the amount of the special property of the officer in the goods taken by the plaintiff; or, in other words, whether interest was due and collectable on the judgment in the United States district court. It is claimed by the counsel for the defendants below, that interest was due and collectable on this judgment, and that the court should have instructed the jury upon the point as asked by him on the trial. The instruction in effect was, that in order to ascertain the extent of the special property of the officer, the jury should compute the amount due and unpaid on the judgment on the 9th day of April, 1857, in the following manner, namely: by allowing interest on the debt of $1,000, from the day the judgment was docketed up to the 24th of February, 1857; then deducting $175, the amount made on the *alias* execution; then adding to the balance the amount of the costs, and computing the interest on this last amount from the 24th of February, 1857, to the 9th day of April, 1857, which interest added to such last amount would give the value of the special property of the officer in the goods when they were taken from his possession under the writ of replevin; and that then interest should be allowed on the amount of such special property from the time of the service of the replevin writ to the day of trial, by way of

damages for the taking and detention of the property. The court, however, refused to give this instruction, but directed the jury, in order to find the special property of the marshal in the goods, to take the amount of the judgment recovered in the district court, to wit, $1,000, without any interest, deducting therefrom the $175 made on the *alias fi. fa.*, and adding to this sum $258, the costs in the judgment, and that would give the amount of such special property. So it is obvious that the whole case turns upon the point whether, in ascertaining the special property of the marshal in the goods taken, interest is to be allowed upon the judgment, or given by way of damages for the detention of the goods from the possession of the officer.

The judgment in the United States district court was obtained under the 9th section of the late Fugitive Slave Act. This section provided that a person aiding in the escape of a fugitive slave should forfeit and pay by way of civil damages to the party injured the sum of one thousand dollars for each fugitive so lost, to be recovered by an action of debt in any district court within whose jurisdiction the offense was committed. There is no express provision in the fugitive slave law which allows interest upon judgments recovered under its provisions; and therefore, whether interest is to be allowed on such judgments must be determined by reference to other statutes, and the general analogies of the law. By section 8, chap. 188, Laws of Congress 1842 (5 U. S. St. at Large, p. 518), it is provided that on all judgments in civil cases thereafter recovered in the circuit or district courts of the United States, interest shall be allowed, and may be levied by the marshal, under process of execution issued thereon, in all cases where, by the law of the state in which such circuit or district court shall be held, interest may be levied under process of execution on judgments recovered in the courts of such state, to be calculated from the date of the judgment, and at such rate *per annum* as is allowed by law on judgments

recovered in the courts of such state. The very obvious intention of this provision would seem to be, to at least allow interest on all judgments of the United States courts where, by the law of the state, interest is allowed on the judgments of the courts of such state. It is contended by the counsel for the plaintiff below, that the object of this provision was to allow interest only on judgments of the United States courts where, by the law of the state, interest may be levied under process of execution on judgments recovered in the state courts; but I think this construction is unsound, if there are any cases where interest is allowed upon judgments, which cannot be collected on execution. It appears to me it might with more reason be claimed, that the provision gives interest *on all judgments of the United States courts in civil cases*, and further provides that such interest may be collected by the marshal on execution where, by the law of the state, interest may be levied under process of execution on judgments recovered in the courts of such state. But however this may be, it is very evident to my mind that the effect of the provision is at least to give interest on all judgments in the United States courts where by law interest is allowed on the judgments of the state courts. We must then recur to the laws of this state to determine whether interest is to be allowed on the judgment, and I must confess the question is not free from doubt. But on the whole I am disposed to hold, with the Chief Justice, that interest should be allowed on the judgment from the time it was docketed, and more especially that interest on the amount of the special property of the marshal in the goods on the 9th day of April, 1857, must be given by way of damages for the taking and detention of the goods from his possession. For, by several decisions of this court, the rule of damages in actions of replevin is stated ordinarily to be, legal interest upon the value of the property unlawfully taken, from the time of such taking until its restitution; and I see no valid reason for saying that this rule should not apply in this case. *Graves vs.*

*Sittig*, 5 Wis., 219 ; *Morris vs. Baker*, id., 389; *Beveridge vs. Welch*, 7 id., 465.

It is objected, however, that the judgment in this case, being for a penalty, did not draw interest either at common law or under our statute, but is governed in this respect by the principles applicable to a judgment where the cause of action is for a tort. It is undeniable that many of the cases make this distinction ; but in the language of the annotator to *Selleck vs. French*, (1 American Lead Cases, 507—537), it is difficult to see why the character of the original cause of action should affect the right to interest on a debt liquidated and due by verdict and judgment. For, as remarked by *Sutherland*, J., in *Sayre vs. Austin*, 3 Wend., 496, "it cannot be contended with any show of reason or authority, that a judgment is a debt not due until a demand of payment is made, after the original cause of action has not only been demanded, but has been prosecuted to judgment, the highest evidence of debt known to the law, and which authorizes the plaintiff immediately to issue an execution and seize either the property or the person of the defendant. It certainly savours somewhat of extravagance to maintain that the judgment is not a debt due in every possible sense of the term. It is a debt due with interest from the time of its rendition : " and this, as it appears to me, irrespective of the question whether the cause of action was upon contract or for a tort. Whatever may have been the doctrine in former times, the spirit and tendency of modern decisions upon the subject of interest manifestly are, that whenever the debtor knows the precise amount he is to pay, and where he is to pay, but makes default, justice requires that he should indemnify the creditor for the wrong which he has done him ; and a just indemnity, though it may some times be more, can never be less than the specified amount of money, or the value of the property or services at the time they should have been paid or rendered, with interest from the time of the default until the obligation is discharged." (BRONSON, J., in giving the opinion in *Van*

*Rensselaer v. Jewett,* 2 Comstock, 135.) It seems to me that this is the only sound and rational rule upon the subject, and that it is strictly applicable to the question whether interest should be allowed upon this judgment. Suppose a judgment for a penalty or for a tort, recovered in one of the circuit courts of this state in August, 1855, had been removed to this court on writ of error, and affirmed : can there be a possible doubt that the statute would require this court, on such affirmance, to adjudge to the defendant in error as damages for the delay not less than seven per cent. on the amount recovered in the court below ? See sections 5 and 10, chap. 104, R. S. 1849. These provisions leave to this court no such discretion as seems to have been exercised by the Court of Errors in New York in *Gelston v. Hoyt,* 13 Johns., 561–589. See this same case affirmed in 3 Wheaton, 246–333, with damages at the rate of six per cent. upon the judgment, from the rendition thereof. See also 15 Johns., 221. Had the judgment been sued over, I cannot doubt that interest would have been recovered by way of damages for the detention of the money. In *Klock v. Robinson,* 22 Wend., 157, it was held that interest was recoverable in an action of debt on a judgment for costs of the defense of an action of assault and battery. Mr. Justice COWEN, in delivering the opinion of the court in that case, reviews a great number of authorities, and comes to the conclusion that interest is recoverable in an action of debt on a judgment, whether the original demand carried interest or not. To the same effect is *Lord v. The Mayor &c., of New York,* 3 Hill, 426. Also *Harrington v. Glenn,* 1 Hill (S. C.), 79 ; 4 J. J. Marshall, 244. It may be said that allowing interest on this judgment is contrary to the earlier English decisions, which only allowed it on the ground of contract. If one is curious to examine those authorities, and see how utterly unsatisfactory they are upon the subject of interest, he may read the learned opinion of Mr. Justice CHEVES in *Goddard ads. Bulow,* 1 Nott & McCord, 45–58, where he reviews them as bearing upon the question

whether interest may be recovered in an action for money had and received. The rule extracted by Mr. Justice CHEVES from the law and practice of South Carolina is, that interest is recoverable, either according to the contract or in damages, in all cases of certain or liquidated demands, from the time they are legally due and payable ; and in all other cases in the nature of debt, where by custom or agreement interest is payable, or in which the demand has been vexatiously or oppressively withheld.    It is true, these observations were made in respect to allowing interest in an action for money had and received.    The reason and principle of the rule are, however, strictly applicable to the point we are considering ; and that is, whether interest should not be allowed on a judgment irrespective of the nature of the original cause of action, as damages for default of the debtor in withholding money which belonged to another.    A majority of the court think it should be allowed, and we can see no substantial objection to the mode of computation laid down in the fourth and fifth special instructions asked by the defendant below, for determining the extent of the special property of the marshal in the goods taken from his possession by the writ of replevin.

We were referred to sec. 42, ch. 102, R. S. 1849 (now sec. 14, chap. 134 of the present revision), for the purpose of showing that interest could be collected on execution only where judgment had been rendered on contract or upon a prior judgment. The interpretation put upon a like provision in *Sayre v. Austin, supra,* was, that it was not by virtue of such a statute that judgments bore interest, but that the intention of the act was to authorize its collection upon execution. If we are right in the view that the judgment of the district court draws interest, then in an action of debt upon it, the court and jury would have no discretion to allow or not to allow interest, but must assess a sum of money by way of damages equivalent to the interest.    And as the law thus allows interest on the judgment, there would not seem to be any substantial objection to

permitting the jury to take it into consideration when ascertaining the extent of the special property of the marshal, who stands in the place of the judgment creditor, and the damages he is entitled to recover for taking and withholding the goods from his possession. See sec. 31, chap. 132, R. S. 1858.

The objection that the execution was not authorized by the laws of this state because it contained an attachment clause, is removed by reference to section 118, chap. 102, R. S. 1849.

The instruction asked by the plaintiff's counsel, that the payment made by Blair to Arnold was to be treated as a payment in satisfaction of the judgment in the United States district court, was properly refused.—This court has already decided, in *Pratt v. Donovan*, 10 Wis., 378, that where judgment is rendered against a plaintiff in an action of replevin, the judgment may be entered up, as well against the principal as against the sureties who signed the undertaking. We therefore do not feel called upon to enter upon a re-examination of that question at the present time.

DOWNER, J. The majority of the court are of opinion that interest should be given to the appellants on the judgment in their favor in an action of *tort* in the United States court, by way of damages. I differ from them on this point. There is some conflict of authority whether judgments on contracts at common law drew interest or not; but none as to judgments in actions of *tort*. No interest could be recovered on judgments in such actions. The United States have by statute adopted the laws of the state as to interest on judgments ; and the only law of the state altering or modifying the common law is sec. 14, chap. 134, R. S., which provides that " whenever a judgment shall be rendered upon contract or upon any prior judgment, and execution shall be issued thereon, it shall be lawful to direct upon such execution the collection of interest," &c. This expressly authorizes interest to be collected on judg-

ments on contract and upon prior judgments, and is equivalent to an enactment that such judgments draw interest; and by implication–*expressio unius exclusio alterius*–prohibits interest on all others. I am aware that a directly contrary conclusion was drawn from the same or a similar statute in *Klock v. Robinson*, 22 Wend., 160. But it appears to me that case, so far as it decides, or gives an *obiter dictum* opinion, that interest may be recovered or collected on a judgment for damages in an action of *tort*, is *mere,sheer judicial legislation*, and ought not to be followed. The same may be said of other decisions following that or resting on the same or similar reasons. But it does not follow, even if the plaintiff in the judgment, in an action brought thereon, could recover interest by way of damages for its nonpayment, that the marshal has a right to recover it in this case. It is conceded that the indorsement on the execution to collect interest was without the sanction or authority of law, and void, and that all the plaintiff in the execution had a right, by virtue thereof, to collect or cause to be collected, was the amount of the judgment without interest. All, therefore, that the plaintiff in such writ could rightfully demand or recover of *Ableman*, the marshal, was the amount due upon the judgment without interest thereon. And it is clear in this case that the appellant, having no right to recover exemplary damages, ought to recover just the amount to be by him paid to the plaintiff in the writ, his fees thereon, and costs in in this action, and no more. I know of no principle of law giving him the right to recover damages beyond his own liability; or if the suit is defended by the judgment creditor in the name of the marshal, giving such creditor a right to recover in the name of the marshal a sum greater than he could recover in a suit against the marshal. I am therefore of opinion that the judgment of the county court should be affirmed.

*By the Court.*—The judgment appealed from is reversed, and the cause is remanded for further proceedings according to law.