SAMUEL EDWARDS and another *vs.* THOMAS F. MOODY.

*Judgment of justice of the peace—interest to be allowed upon.*

Interest is allowed on amount found due for damages and costs in actions on judgments recovered before any justice of the peace, without proof that payment had ever been demanded of the judgment debtor.

ON REPORT.

DEBT on a judgment recovered before a justice of the peace within and for the county of Waldo, April 29, 1854.

Payment of the judgment had never been demanded of the judgment debtor.

If the interest is allowable, the plaintiff to have judgment accordingly.

*J. Williamson*, for the plaintiff.

*W. H. Fogler*, for the defendant.

The powers and duties of justices of the peace are derived from the statute. Certain courts are declared to be courts of record; but justice's courts are not included. R. S., c. 81, §§ 79, 97.

Hence interest on their judgments is not recoverable. R. S., c. 82, § 28.

The judgment of a justice is simply a debt due on demand. Interest is not payable until demanded.

BARROWS, J. The plaintiff brings suit upon a judgment rendered by a justice of the peace in 1854. The only question raise d is, whether, in making up judgment in his favor in this action, interest should be reckoned upon the amount of the original judgment without proof that payment had ever been demanded of the judgment debtor. The only direct statute provision which we have relating to the recovery of interest in actions of debt on judgment may be found in R. S., c. 82, § 28, and is as follows: 'Interest is to be allowed on amount found due for damages and costs in actions on judgments of a court of record.'

This is all that remains after successive revisions (except as otherwise and elsewhere provided for in the revised code), of c. 59, §§ 34, 35, 36, of the laws of 1821. In the original statute, §§ 34 and 35 contain elaborate provisions for the commencement and maintenance of actions of debt upon judgments. Section 34 relates to suits upon judgments, 'rendered and recorded by any court of record or any justice of the peace of this State;' and prescribes where such suits shall be brought, and how the judgment shall be certified.

Section 35 contains corresponding provisions relative to actions upon judgments 'rendered and recorded by a court of record in any other of the United States, or by a court of record of the United States.'

Section 36 provides 'that in the action of debt which shall be duly maintained upon any judgment as aforesaid, lawful interest shall be allowed as well upon the costs as upon the debt or damages,' etc.

In the outset of our judicial history, then, interest was to be allowed upon the judgments of justices of the peace in actions of debt founded thereon.

In the revision of 1841, the formal and systematic provisions authorizing the commencement and maintenance of suits upon the judgments of the various courts above described were dispensed with, though the right to maintain them is recognized in various sections scattered through the code. Thus, in the chapter relating to the 'commencement of civil actions,' R. S., 1841, c. 114, § 4, we find a provision showing the place where all actions of debt founded on judgments rendered by any court of record in this State may be commenced. Nowhere in the revised code of 1841 do we find any special provision touching the commencement or maintenance of actions of debt upon judgments rendered by courts of record of the United States, or of the other States, or of justices of the peace in this State, to take the place of those which existed in c. 59, §§ 34, 35, of the laws of 1821; but in c. 146, §§ 1 and 25, are provisions respecting the limitation attaching to 'actions of debt brought upon the judgment or decree of some court of record of the United States, or of this, or some other of the United States, or of some justice of the peace in this State.'

And in the chapter on 'Proceedings in Court,' R. S., 1841, c. 115, § 79, we find the provision for the allowance of interest upon the judgment of any court of record, substantially as it now stands in R. S., 1871, c. 82, § 28.

But the right to maintain actions of debt upon the judgments of justices of the peace in this State, was not abrogated, because the specific provisions authorizing the same were never re-enacted. The action, with all its appropriate incidents, was preserved by virtue of the general enactments defining the jurisdiction of courts and justices of the peace in civil actions. Accordingly, we find in the Laws of 1852, c. 276, a provision, that, 'in all actions now pending or hereafter commenced in any court competent to try the same on a judgment declared in the plaintiff's writ to have been rendered before a justice of the peace within and for any county in

this State,' if the justice has died or removed from the State, and his records have not been deposited as required by law, a writ of execution, issued by the justice on the judgment, accompanied by an affidavit of the plaintiff or his attorney indorsed thereon, that it has not been satisfied, shall have the same effect in evidence as a duly authenticated copy of the record of the judgment. And this was incorporated into the R. S., 1857, c. 83, § 20, and is now. applied to the proof, under like circumstances, of judgments rendered by trial justices. R. S., 1871, c. 83, § 27.

Now the form of these executions had been changed by Statute, of 1836, c. 250, so as to embrace interest which the officer since then has always been directed to collect as part of the sum due upon judgments of justices of the peace, as well as upon those of courts of record. R. S., 1841, c. 115, § 107; R. S., 1857, c. 82, § 116; R. S., 1871, c. 82, § 129.

These provisions sustain the right to recover interest in actions upon judgments of justices, very much as the right to maintain an action of debt upon such a judgment is sustained, *i. e.* by implication. It is implied that such an action may be sustained when the legislature except such actions from the six years' limitation, and prescribe twenty years as the time after which payment of such judgments shall be presumed. It is implied with equal force that interest upon the original judgment may be allowed in such action when the legislature direct the officer to collect interest upon the execution issued upon such judgment from the day of its rendition, and change the form of the execution to conform to this order, and then make such an execution evidence, under certain circumstances, to sustain an action upon the judgment in lieu of the record, or a copy of the record. With a similar statute provision for the collection of interest upon executions before them, the court of New York said in *Sayre* v. *Austen*, 3 Wendell, 496, which was an action upon a judgment rendered nearly twenty years before the commencement of the suit, that it cannot be contended with any show of reason or authority that a judgment is not a debt due until demand of payment is made, while the existence of the judgment of itself

Edwards *v.* Moody.

shows that the original cause of action had not only been demanded but had been prosecuted to judgment, the highest evidence of debt known to the law, upon which execution may be issued forthwith. And they thence conclude that the judgment is a debt due with interest from the time of its rendition, which, since the statute, might be collected on the execution, and, before the statute, could have been recovered by an action of debt on the judgment.

The same court, in *Klock* v. *Robinson*, 22 Wendell, 157, an action of debt on a judgment for costs held interest recoverable from the date of its rendition, proceeding apparently upon the idea that a judgment rendered, *ipso facto*, imports a debt due which may be assimilated to a contract to pay a certain sum with interest, and hence interest is recoverable by way of damages, for the detention of the debt, and as part thereof.

Inasmuch, then, as the propriety of adding interest to the judgment of the justice appears inferentially from the other statute provisions to which we have referred, we conclude that the omission to provide for it directly, in the revision, ought not to be construed as effecting a change in the law. There would be just as much ground for saying that the omission of the direct and specific provisions for the maintenance of an action of debt upon such judgments took away the remedy altogether.

Upon this view of the case, the question whether a justice's court is a court of record, becomes for the present a matter of curious inquiry, rather than of practical utility, and may well be postponed. It is safe to observe in passing, that the specific mention made of justices of the peace in the various statutes to which we have referred, where they are spoken of in connection with courts of record, would seem to imply that they were not regarded by our legislators as included in the phrase 'courts of record,' and that while it is probable that for certain purposes their courts must be so classed, they are wanting in some attributes necessary to entitle them to be so considered in all respects.

One important objection is, that the jurisdiction expires with the person, or with the expiration of his commission. Yet during its

continuance the living justice has very many, if not all of the pow-
ers that are requisite to constitute a court of record, and he pro-
ceeds in many of his functions according to the course of the com-
mon law.

Blackstone says  (Black. Com., vol. 3, p. 25),  ' the very erection
of a new jurisdiction, with power of fine or imprisonment, makes it
instantly a court of record.'

Error may be maintained to reverse their judgments while
*certiorari* goes to courts not of record.   *Vide* the reports of this
court and that of Massachusetts, *passim.*

In further illustration of the remarks made on this point, see
*Morrison* v. *McDonald*, 21 Maine, 556 ; *Woodman* v. *Somerset*, 37
Maine, 37,  38 ; *Downing* v. *Herrick*, 47 Maine, 467 ; *Ex-parte
Gladhill*, 8 Met. 168.

But by reason of the other considerations to which we have ad-
verted, we think the entry should be,

> *Judgment for plaintiff for amount of
> the original judgment, with interest
> from the date of its rendition.*

APPLETON, C. J. ; CUTTING, KENT, and WALTON, JJ., con-
curred.