## ROGERS v. COLT.

By an agreement under seal, mutually executed by the parties, J. C. sold his equitable estate in one-fourth of certain premises to P. R., subject to a mortgage of $1500, and authorized and requested the trustee to convey to the vendee, P. R., by the same instrument agreed to assume the payment of one-fourth of said mortgage, from it to save the vendor harmless, and to pay him the sum of $625. *Held*,

1. That the said agreement was an executed contract, and that nothing further was necessary to be done by the vendor to enable him to sue for the sum so agreed to be paid.

2 That no time being limited for the payment, the said sum was payable immediately, and that interest was payable from the date of the instrument.

3. The vendee on the trial below proved, that there was a mortgage of $1600 on the premises. *Held*, that this did not avoid the agreement, it being an executed agreement, and that it was not a circumstance from which alone the jury could infer fraud.

4. That executed contracts under seal, when the party has received the benefit of his agreement, cannot be disaffirmed at law on the ground of fraudulent misrepresentations.

5. The suit not having been brought until eight years after the debt accrued, *held*, that an abandonment of the contract could not be inferred from this lapse of time.

ERROR to Passaic Circuit Court.

This was an action of debt, instituted in the court below, in April 1843, by John Colt against Platt Rogers, upon the following agreement under seal, viz: "For and in consideration of the sum of six hundred and twenty-five dollars to me in hand paid, or secured to be paid by Platt Rogers, I do hereby sell, assign, and transfer to him or his assigns, my one-fourth interest in the house and lot called the Dr. Warren property, now standing in the name of C. M. Godwin, on which there is a mortgage of fifteen hundred dollars—and the said Platt Rogers on his part agrees to assume the payment of one-fourth part of the said mortgage, and to save the said John Colt harmless from same, and also agrees to pay the said John Colt or his assigns the said amount of six hundred and twenty-five dollars, as above mentioned—and the said John Colt hereby authorizes and requests *C. M. Godwin* to convey to the said Platt Rogers the said one-fourth interest in the said lot. In witness of this agreement the said John Colt and Platt Rogers have interchangeably set their hands and seals this 30th Nov. A. D. 1835."

The cause was tried in the February Term 1845 of the Passaic Circuit, before Mr. Justice WHITEHEAD. On the trial the due execution of the instrument was proved by the subscribing witness. On cross-examination this witness testified that some

time after the execution of the paper, he twice or three times called upon Mr. Colt, and told him that his father, Platt Rogers, wanted this thing settled before he moved to New York.

Those times were at Mr. Colt's house, and afterwards in his father's bar-room, and that Mr. Colt then said, that he had forgotten it, but that he would attend to it, and if he did not, it was no matter. That there was but one paper executed, and Mr. Colt took it. That witness' father never received a deed for it to witness' knowledge. That no person ever called upon his father in New York about it.

After the paper was signed, it was said by Mr. Rogers that he wanted the deed to be made to Judge Reynolds.

*A. S. Pennington* testified that Mr. Colt and Mr. Rogers came into his office together and handed him the paper to be kept by him, for the access of both. That he put it away, and accidentally found it some year or so ago. No action was had upon it. That the first notice given to defendant was in April 1843. He saw defendant in Paterson and spoke to him about it.

*Being cross-examined* on the part of the defendant below, he testified that Mr. Rogers replied, that he would not pay it.

The plaintiff below then read the said agreement before the Jury and rested.

The defendant below moved for a nonsuit, upon the ground that the plaintiff had not proved any further act on his part after the execution of the agreement; and insisted that he should have procured a deed, and tendered it to the defendant: which motion being refused, the defendant excepted to the opinion of the Judge.

The defendant proved that there was a mortgage upon the premises for $1600, and rested the defence.

The Judge charged the Jury " That the intention of the parties to be collected from the terms of the contract, must govern in its construction—that Mr. Colt sold to Mr. Rogers the equitable interest in the property. That he did all he could be required to do, and was completely divested of all interest whatever; and that his right of action under the agreement was complete. That the defendant was entitled to receive the whole right of Mr. Colt in the property. That there was no proof of

abandonment, and that lapse of time had not hurt the plaintiff's rights. That the conversation between the plaintiff and the subscribing witness, Thomas Rogers, was not binding, nor did it change the contract. That the variance in the description of the mortgage does not vitiate the contract. That in an action at law on a specialty, fraud in the consideration cannot be set up, but only fraud in the execution. That the defendant could not set up this defence at *law*. That the jury are not to judge of the evidence as to the construction of the contract."

The Court further charged the Jury, that interest should be charged from the date of the contract; and recommended that a verdict should be rendered for six hundred dollars and interest thereon from the date of the paper.

To which charge the defendant below excepted.

The Jury rendered a verdict for $931.19, with costs: being for the sum of $600 and interest thereon.

Argued January Term 1847, before Justices NEVIUS, CARPENTER and RANDOLPH.

*A. Whitehead* for plaintiff in error.

The plaintiff should have been nonsuited. The agreement was executory, and no indebtedness could exist until a conveyance was tendered. The covenants were dependent. 11 *Wend.* 51; 8 *Ib.* 615; 6 *Cow.* 296; 2 *Green* 446.

2. The agreement recites a mortgage of $1500; it was shewn in evidence that the mortgage was one of $1600. This was evidence of misrepresentation and fraud, and should have been left to the Jury. Colt had no such thing to sell as he describes in the contract. *Coxe* 39; *Ib.* 78; 4 *Wash. C. C. R.* 678; 2 *Pen.* 567.

3. The lapse of time should have been left to the jury as evidence of waiver.

4. Interest was not payable until after *demand* made. 1 *Dal.* 52; 2 *Pen.* 419; *Coxe* 176.

*W. Pennington* contra. The cases cited only go on the general principle, that between vendor and vendee, covenants to sell and to pay are mutual and dependent. But even in such case, intent may make the contract independent. Here, the cove-

nant is clearly independent, and it was not necessary for the plaintiff first to tender a deed. He had no legal title and could not convey. He had conveyed all his interest and could not compel a deed. The power was cut short by the execution of this agreement. True, Godwin might be called upon, but only by the defendant. As between Colt and Rogers the agreement was executed, and nothing remained to be done, save the payment of the money.

There was no misrepresentation. The variance in the amount of the lien did not vitiate the contract. Right has been done between the parties by the deduction made by the consent of the plaintiff on the trial.

There was no evidence of *abandonment* of the contract to go to the Jury. Such contract can be waived but by instrument of equal validity.

The demand was liquidated, payable immediately, and therefore carried interest from date. 2 *Pen.* 419; 2 *W. Bl.* 761.

CARPENTER, J. The first error assigned is upon the refusal to nonsuit. It draws in question the construction of the agreement; for if executory, and the plaintiff's right of action depended upon his first tendering a conveyance, in such case, undoubtedly, a nonsuit should have been ordered. Whether the covenants be dependent or otherwise, is to be determined by the intention of the parties as indicated by the terms used in the instrument. As I understand it, the plaintiff below agreed to sell, not the legal estate, but his equitable interest in the premises. The instrument purports to be an immediate sale and transfer of the vendor's equitable estate in one-fourth of certain described premises, subject to a mortgage lien, which, or one-fourth of which, the vendee assumes to discharge, and from it to save the vendor harmless. The plaintiff transfers his equitable estate, and authorizes and requests the trustee to convey the title to the defendant. The defendant on his part agrees to pay the sum of $625 as the price of the purchase. No time was limited for the payment, and therefore, by operation of law, it was payable immediately upon the execution of the contract. *Shep. Touch.* 369 (*Law Lib. Ed.*); 7 *T. R.* 124; 8 *John.* 190; 8 *Ib.*

274. The payment by the purchaser was not to depend upon anything to be first done by the vendor. The fair construction of the agreement is that the defendant was desirous to purchase the interest which the plaintiff held, to procure his rights and to place himself in his situation, and for this he agreed to pay the sum specified in the agreement. I think the covenant is clearly independent, and no further act was necessary to be done by the plaintiff to give him his right of action. 1 *Saund.* 320 *a*; *Wilks* v. *Smith*, 10 *M.* and *W.* 355; *Hall* v. *Bainbridge*, 5 *Q. B.* 243. In my judgment, the Judge was right in his construction of the instrument, and the nonsuit was properly refused.

A second matter assigned for error and urged on the argument, relates to the variance in the amount of the mortgage. But, this is an executed contract, and if the vendee did not receive precisely what he contracted for, his remedy must be on the agreement. If executory in such case, perhaps the vendee might refuse to complete the contract, on the ground that it was not that which he had agreed to purchase; but if I am right on the point already considered, this must fail the defendant likewise. If executed, it cannot be, indeed I did not understand it to be pretended that this would, in such case, necessarily vitiate the contract; but it was urged that it was a circumstance which the Judge ought to have permitted to go to the Jury as evidence of fraud—that it was a circumstance from which the Jury might infer fraud. I take it, however, that the Judge was right, and that from this alone, the Jury ought not to have been permitted to infer fraud.

But it has been repeatedly held, in accordance with the doctrine stated by the Judge, that in an action at law on a *specialty*, it is not competent for the defendant to avoid it by pleading that it was obtained by fraudulent misrepresentations made by the plaintiff. The solemnity of the instrument implies a consideration, and the defendant is estopped from averring a want of it. *Dale* v. *Rosevelt*, 9 *Cow.* 307; *Vrooman* v. *Phelps*, 2 *John.* 177; *Dorr* v. *Munsell*, 13 *John.* 430; 2 *Kent.* 464; and 3 *Cow. Phil. Ev.* 1448, where many of the cases are collected. But certainly in executed contracts under seal, when the party may have re-

ceived the benefit of his agreement, to permit it after a lapse of time to be disaffirmed at law, would lead to the grossest injustice. When the consideration has been given, then the parties at law cannot be placed in the same situation, and natural justice requires that they should be sent to a court, where those who ask equity can be required to do equity. 2 *Saund. Pl. & Ev.* 527. I am aware that it has been said that fraud avoids · everything, and that courts of law have concurrent jurisdiction with courts of equity in cases of fraud; and it has even been said that a plaintiff cannot recover at law, in any case, where upon the same evidence of actual or constructive fraud, a court of equity would decree against him. But the doctrine is stated far too strongly. General expressions can seldom be safely applied except in connection with the circumstances under which made, and in due subservience to technical rules of pleading and of evidence. So far from being concurrent, fraud in obtaining a will of personalty is exclusively vested in the Ecclesiastical courts, and in wills of real estate in the courts of common law; which in many cases equity relieves not only beyond, but contrary to the rules of law. 1 *Story Eq. Jur.* § 184 & *note.*

The third alleged error is that the lapse of time should have been left to the Jury, as a circumstance from which they might have inferred an abandonment of the contract. But the mere fact that eight years had elapsed since the date of the instrument, and since the debt accrued, before suit brought, could authorize no such presumption.

In regard to the question of interest, I think there was no error in the charge of the Judge. No time being limited for payment, the debt was payable immediately. The rule in such case does not stand as in case of contract to pay on demand, when there can be no default till demand made. In *Scudder* v. *Morris* (2 *Pen.* 419), the distinction was taken, and it was said that "a promise to pay a sum of money, without naming the time, not only creates a present debt, but imposes an immediate duty; and as long as the debtor forbears to pay, there is some reason that he should recompense the creditor by a payment of interest for the detention of the debt." In *Farquhar* v. *Morris*, (7 *T. R.* 120), on a bond for the payment of money, but no time spe-

cified, it was held that interest was payable from the time of payment, namely, from the date. (a)

In my opinion judgment must be affirmed.

RANDOLPH, J. concurred.

NEVIUS, J. There are two errors assigned for the reversal of this Judgment.

1st. Because the court refused to nonsuit the plaintiff at the trial, and

2d. Because the charge to the Jury was contrary to law.

In regard to the first, I think the court below committed no error in refusing to nonsuit the plaintiff. By the proof and production of the instrument upon which the suit was brought, he had shown a *prima facie* right to recover the sum sued for, and it was the province of the Jury to determine from the whole evidence then before them, under proper instructions from the court, whether he had done, or omitted to do anything by which he had forfeited that right. The court was not bound in that stage of the cause to decide upon the evidence that the contract was executory, and contained dependent covenants to be performed by the respective parties at a future day. Besides the instrument itself, there was some evidence which had been admitted, and which as I apprehend had a lawful bearing on the question, whether the contract was an executed, or an executory one, and upon that evidence it was for the Jury to pronounce. Without

---

*Note (a).*—In *Boddam* v. *Riley* (2 *Bro. C. Cas.* 2), it is said by Lord Thurlow that "all contracts to pay, undoubtedly give a right to interest from the time when the principal ought to be paid." See *Blaney* v. *Hendricks*, 2 *W. Bl.* 761 ; *Dickinson* v. *Legare*, 1 *Dessaus*, 537.

A note in which no time of payment is expressed is payable immediately, and bears interest from the date. *Francis & Castleman*, 4 *Bibb* 282 ; *Collier* v. *Gray*, 1 *Overt. R.* 110 ; 2 *U. S. Dig.* 615.

But if expressed to be payable *on demand*, carries interest only from the time of demand. *Pierce* v. *Fothergill*, 2 *Bing. N. C.* 167 ; *Larason* v. *Lambert*, 7 *Halst. R.* 254 ; 2 *U. S. Dig.* 615 & cases ; *Chit B.* 681 (10*th Am. Ed.* 1842.)

dwelling on this point, which is of minor importance in the case, I proceed to examine the charge which is complained of.

In that charge I think the court erred in declaring in peremptory terms that the contract was an executed contract, that the plaintiff had done all that he was bound by express or implied covenant to do, and that the Jury were not to judge from the evidence as to the construction of the contract. It is not always an easy matter to determine from the terms of a written contract its true construction and the true intention of the parties, and where parol evidence is resorted to for that purpose, as it may be, if it don't vary or contradict the instrument, it is the business of the Jury to pronounce upon the credit and effect of such evidence. Wherever the intention of the parties is to be sought for, out of the instrument itself, as from the circumstances under which it was executed, or by the acts or declarations of parties, explanatory of ambiguities upon its face, there such intention is a question of fact, for a Jury on the whole evidence. *Murray* v. *Starr*, 3 *I. D. & R.* 278. It is not necessary for this court to decide whether the Judge at the Circuit, gave the true construction to the contract, it is sufficient that parol evidence was admitted, and had a bearing upon that question, and therefore I think it should have been left to the Jury. It is true that the contract contains words of present transfer and sale of the plaintiff's interest in the premises, yet if from the tenor of the whole instrument, and the conduct and declarations of the parties at the time of, and subsequent to its execution, it can be clearly inferred that they contemplated a conveyance from Godwin as the consideration of the contract, it will, notwithstanding those words, be executory. 5 *Wend.* 26. The strong impression on my mind is, that from the terms of the agreement, the parties contemplated some future acts to be performed by the plaintiff, towards it consummation, and that the defendant was not to pay his money until he obtained his title from Godwin, and this impression is greatly strengthened by the fact that but one instrument was signed, and that deposited with a third person, and would not be used by the defendant in procuring his conveyance without the aid and concurrence of the plaintiff, and also the additional fact, that the plaintiff when called upon and told that

the defendant wanted the matter settled, promised to attend to it. But whether I am right or not in this view, I think the Circuit Court erred in its instruction to the Jury on this point.

I think, too, that the Court erred in recommending that a verdict be rendered for $600 and interest. The defendant had made no such contract, and neither the court nor jury could make it for him. If the declaration had set out an agreement on the part of the defendant to pay $625, it would not be supported by proof of an agreement to pay $600, or any other sum, the variance would be fatal. And had it turned out in evidence that the mortgage on the premises was for $1400 instead of $1500, as expressed in the contract, the Jury would have had as good a right to increase their verdict in the same proportion as they have now diminished it, and this will scarcely be pretended. The proof should correspond with the allegation, and the verdict with the proof.

Again, I think the court erred in its instruction to the Jury on the question of interest. They ought to have been permitted to decide from the whole evidence when the sum mentioned in the agreement became payable, if it became payable at all, and instructed to compute the interest from that time.

For the reasons I have mentioned, I am of opinion that the Judgment below should be reversed.

Judgment affirmed.

AFFIRMED, 1 *Zab.* 704. CITED *in Stryker* v. *Vanderbilt,* 1 *Dutch.* 494–497; *Garretson* v. *Kane,* 3 *Dutch.* 211; *Baker* v. *Baker,* 4 *Dutch.* 19; *Mulford* v. *Peterson,* 6 *Vr.* 135; *Lord* v. *Brookfield,* 8 *Vr.* 553; *Ruckman* v. *Bergholtz,* 9 *Vr.* 533; *Leigh* v. *Clark,* 3 *Stock.* 112.