## THE NORTH RIVER MEADOW COMPANY v. CHRIST CHURCH AT SHREWSBURY.

1. A decision upon a *certiorari*, as to the validity of an assessment, is conclusive in a suit to recover the assessment where the parties to the suit are substantially the same as to the *certiorari*, though in name different.

2. When an assessment, not required by law to be in writing, is declared upon as made by three managers, it is no variance that a written assessment is produced signed only by two, if it purports to have been made, and was made, by all three.

3. The books of a corporation, or of the managers of a corporation, are competent evidence of the proceedings of the corporation; and although not usually evidence against third persons, yet are evidence of such proceedings in cases where it is competent or necessary to prove them.

4. An alteration, apparent upon the face of a writing, is presumed to have been made before execution. It is incumbent upon the party objecting on that account to show that it was not.

5. The rate of interest on money, due before 1824, though not due by contract, is seven per cent.

6. Interest cannot be recovered on a debt under a count for money borrowed, but must be assessed as damages for the detention.

7. A verdict taken erroneously in point of *form*, will be corrected by amending the *postea*.

This was an action of debt, brought to recover assessments made under the plaintiff's charter, upon lands belonging to the defendants within the tract authorized to be improved by the charter. Upon the trial before Justice Nevius, at the Monmouth circuit, in October, 1843, the plaintiffs offered in evidence their book of minutes and the book of assessments of the managers. To these books the defendants objected, and excepted to the decision of the court admitting them in evidence. Parol evidence of the organization of the meadow company and of the appointment of the managers was given by the plaintiffs. They also offered in evidence the record of the decision of the Supreme Court and of the Court of Errors upon the legality of this assessment, which had been removed into the Supreme Court by a *certiorari*, sued out on the prosecution of the defendants, to test the validity of the assessments, and in which this assessment was confirmed as valid. To the admission of this record the defendants objected, and excepted to the ruling of the circuit judge admitting it.

The defendants moved to nonsuit the plaintiffs, because they had not proved such an assessment as that stated in their declaration, which purported to be made by the three managers, that produced being signed by two only; which motion was denied.

The court overruled evidence of the defendants offered to

show that their land was not benefited by the improvement. This was overruled by the court, on the ground that the decision in the *certiorari* settled that point conclusively.

The court charged the jury that the decision upon the *certiorari* was *conclusive* as to the legality of the assessment, and that the assessment, being made in 1823, would carry with it interest at the rate of seven per cent.

A verdict was rendered for the plaintiffs for $462.28¾. The cause came up now on a rule to show cause why a new trial should not be had.

Argued before the CHIEF JUSTICE and NEVIUS and CARPENTER, Justices, by *Wall* and *Vroom*, for rule, and *Vredenburgh* and *Dayton*, contra.

The CHIEF JUSTICE delivered the opinion of the court.

Several of the reasons assigned for a new trial in this cause relate to the validity of the law organizing the meadow company, and the regularity of the proceedings under it. Another reason relied upon is, that the record of the proceedings and judgment upon a writ of *certiorari*, prosecuted by the defendants in this cause in the name of the state, directed to the plaintiffs, were improperly admitted in evidence.

The *certiorari* referred to in the reasons assigned, was prosecuted for the purpose of testing directly the validity of the proceedings under the act incorporating the meadow company. The constitutionality and validity of the law itself, the regularity of the proceedings under it, and their binding operation upon the defendants in this cause, are all put directly in issue by the proceeding. The return made by the meadow company to the *certiorari* sets out those proceedings at length. The reasons assigned by the Shrewsbury Church for vacating and making void the assessments concerning the church lands, embrace all the points of objection suggested upon the trial of this cause, and now urged as reasons for a new trial. The proceedings were in all things affirmed by this court, and that judgment was, upon writ of error, affirmed in the Court of Appeals. That decision necessarily involved the adjudication of all the reasons assigned for reversal. It must have proceed-

ed upon the ground that there was no error in the proceedings. These points must be considered as authoritatively settled, and 'no longer open for litigation.

The record in that cause was virtually between the same parties, in relation to the same subject matter, now sought, in a collateral way, to be inquired into. It is true that in the title of the cause the church appears both as prosecutor and as defendant. This, however, is a mere formal matter. It might have been entitled between the parties in this cause, without affecting the regularity or the substance of the proceeding. *State* v. *Hanford*, 6 *Halst.* 71.

If it were otherwise, upon principle, the record would be competent to show that the validity of the statute, and the regularity of the proceedings under it, had been expressly adjudicated by the court in the last resort. The decision of that court upon all the questions of law involved in the case were justly held to be conclusive upon the court and jury at the trial. It is equally binding upon this court. This disposes of the most material and embarrassing questions involved in the controversy, and leaves but two or three points of minor importance to be disposed of here.

One of the reasons relied upon for a new trial is, that the assessment set forth in the declaration is alleged to be made by *three* commissioners, whereas the assessment offered in evidence is signed by *two* commissioners only. This, it is insisted, is a fatal variance between the allegation and the proof.

The declaration avers the assessment to have been *made* by Reuben Shreve, William Truex, and John Taylor. The assessment offered in evidence was in writing, with the following caption prefixed : " Assessment made this twenty-first day of November, eighteen hundred and twenty, by Reuben Shreve, William Truex, and John A. Taylor, managers of the North River Meadow Company, as follows, to wit." It is *signed* by two of the managers only, and hence it is insisted that it was made by two only. But this conclusion is not warranted. The assessment, upon its face, purports to have been made by all the commissioners. It is signed, it is true, but by two. But *signing* is no essential part of the *making* of the assessment.

It would have been valid though but one name had signed, or even if it were entirely without signature. The law does not require that it should be signed at all. If the law had directed that the assessment should be signed by the managers, or a majority of them, it would then have been deemed the act only of those who signed it. But the statute contains no such direction, and the assessment must be deemed to have been made, as it purports to be, by all three managers. The case is clearly distinguishable from the case of a promissory note, an award, or the return of a road, to which it was likened upon the argument. The signing of a note, is technically and essentially the making of it; an award is usually required to be under the hands of the arbitrators; the return of a road, is required to be signed by the persons making it. In either case the signing is an essential ingredient of the act done, and the award or the return can be deemed the act of those only who sign it. The declaration does not aver that the assessment was *signed* by three managers, but that it was made by three, and so is the proof. In this respect there is no variance between the allegation and the proof.

2. Another ground of exception is, that the books containing the assessments of the managers, and the book of minutes of the company, were incompetent and inadmissible as evidence. The assessment is expressly declared by the act to be admissible in evidence. That it was written in a book cannot impair its validity, and the book, it is to be presumed, was offered merely for the purpose of showing the assessment. The books and minutes of a corporation, though not usually evidence against third persons, are competent evidence of the proceedings of the corporation. In the *Highland Turnpike Company* v. *McKean* (10 *John. R.* 162) the court say, " the general rule is (and it is a rule of evidence essential to public convenience), that corporation books are evidence of the proceedings of the corporation." *Owings* v. *Speed,* 5 *Wheaton* 420 ; *Wood* v. *Jefferson County Bank,* 9 *Cowen* 194.

3. It was not incumbent upon the plaintiffs to prove that the alteration apparent upon the face of the assessment was made before the assessment was signed. The presumption is

North River Meadow Company v. Shrewsbury Church.

not against, but in favor of the validity of the writing. It is incumbent upon the party charging the instrument to be void by reason of an alteration subsequently made, to sustain the averment by clear proof.

4. The only remaining exception is, that the judge erred in charging the jury to allow seven per cent. interest after the 4th of July, 1824. The charge, in regard to the rate of interest, was correct. The assessment, when made, imposed a debt upon the defendants, to be sued for and recovered as such. The act of 1823, changing the rate of interest, operated only upon contracts made, and debts incurred after the law went into operation. It did not affect the rate of interest upon debts subsisting previous to the 4th of July, 1824. The statute, though in terms purporting to regulate the rate of interest upon contracts only, regulates the interest upon all debts due, whether by statute, judgment, or agreement of parties. *Verree et al.* v. *Hughes,* 6 *Halst.* 91.

The rule to show cause must be discharged.

The *form* of the verdict, as returned upon the *postea,* is erroneous. The first two counts of the plaintiff's declaration are for the two assessments specifically, amounting together to $191.47¾. The third count is for $308.53, money borrowed, being the balance of $500, the entire debt demanded. There was no evidence to support the last count. Interest, as such, cannot be recovered under it. To support a count for money lent there must have been a loan of money. 1 *Chit. Pl. (7th ed.)* The verdict appears to have been rendered for $462.28¼ *debt.* It should have been for $191.47¾ of debt, and the residue of the amount, being the interest recovered, should be in the shape of damages for the detention of the debt. 1 *Saund.* 201, *a, note n;* *Osborn* v. *Hosier,* 6 *Mod.* 167; *Watkins* v. *Morgan,* 6 *Car. & P.* 661; *Sayre* v. *Austin,* 3 *Wend.* 496.

The *postea* should be amended accordingly.

NEVIUS and CARPENTER, Justices, concurred.

Rule refused.

CITED *in Hunt* v. *Gray,* 6 *Vr.* 230; *Cox* v. *Marlatt,* 7 *Vr.* 391.