WILLIAM M. COX ET AL. v. BENJAMIN MARLATT.

Where a judgment was entered October 1st, 1863, the rate of interest
being then six per centum, such rate will not be increased to seven
per centum after March 15th, 1866, when the act was passed changing
the legal rate of interest.

Several executions were issued on judgments obtained in
this court, at the suit of William M. Cox, John R. Ely,
Aaron Dawes, and Alfred Perrine, respectively, against the
property of Benjamin Marlatt.   The sheriffs of Middlesex
and Mercer made sale of the defendant's property, under the
executions, and the money was paid into court.   By the order
of this court, the amount raised upon the executions, $5419.30,
was directed to be paid by the clerk, according to the priorities.
The money raised not being sufficient to pay the amount of
all the executions, the question was raised by Alfred Perrine,
the last execution creditor, as to the amount of interest which
should be computed on the judgment and execution of Aaron
Dawes, his judgment being dated October 1st, 1863.   Dawes
claims interest at the rate of six per cent. from October 1st,
1863, to March, 1866, and at the rate of seven per cent. after
the latter date, being the time of the enactment of the statute
increasing the rate of interest.

Argued at June Term, 1873, before Justices WOODHULL
and SCUDDER.

For Alfred Perrine, *Richey & Emery*.

For Aaron Dawes, *M. Beasley, Jr.*

The opinion of the court was delivered by

SCUDDER, J.   The allowance of interest on the several
judgments is not questioned in this case, nor can it be according
to the settled practice of the courts of this state.   After much
debate in the English courts, the law was settled by *Stat.* 1

& 2 *Vict., ch.* 110, § 17, which declares that every judgment debt shall carry interest at the rate of four per centum per annum, from the time of entering of the judgment, and from the time of the passage of the act in cases of judgment then entered up, and not carrying interest until the same shall be satisfied, and such interest may be levied under a writ of execution on such judgment.

Our practice has been, for many years, independent of any express statute, to allow interest to be levied under execution as an incident to the judgment, and as an increase of damages for the detention of the debt, without bringing a distinct action for the interest on damages for such detention.

It has also been held 'that the prior contract or right of action is extinguished by the judgment, as a higher security. The judgment is called a debt of record, which is the highest security a party can obtain at law.

Upon this general subject, see notes in *Selleck* v. *French,* 1 *Am. Lead. Cases* 509 ; *Sedgwick on Damages* 389 ; *Sayre* v. *Austin,* 3 *Wend.* 496 ; *Olden* v. *Hallet,* 2 *South.* 466.

Neither is it disputed between these parties, that the court have control over the funds produced by these executions, whether in the hands of the sheriff or when paid into court.

This has also been definitely determined, and cannot now be controverted. *Stebbins* v. *Walker,* 2 *Green* 90.

These preliminary points being conceded, the only question that remains for consideration is, whether, after a judgment has been obtained which carries a certain rate of interest under the then existing law, a change of that law by a subsequent statute, increasing or diminishing the former rate of interest, will affect the amount that can be collected under execution upon such judgment.

The effect of a judgment is to fix the rights of the parties thereto, by the solemn adjudication of a court having jurisdiction. How those rights can be affected by any subsequent legislation, is not apparent. This contract of the highest authority cannot be disturbed so long as it remains unreversed and unsatisfied.

Changing the rate of interest·does not affect existing contracts, or debts due prior to such enactment, whether they be evidenced by statute, by judgment, or by agreement of the parties.

Such has been the uniform course of decision in our courts. *Verree* v. *Hughes*, 6 *Halst.* 91, is in point. The act against usury, passed February 8th, 1797, fixed the rate of interest at seven per centum. By the act of December 5th, 1823, the rate was changed from and after the fourth day of July, then next ensuing, to six per centum.

A judgment was entered November 29th, 1825, on a bond bearing date June 6th, 1809, which bore seven per cent. interest. The bond, by the act of the party holding it, was merged in the judgment. While, therefore, interest was recoverable up to the time of the judgment, at seven per cent., upon the bond, when the judgment was entered, another debt was created under the then existing statute of 1823, and the court held that after the date of the judgment, the interest must be computed at six per cent.

In *North River Meadow Company* v. *Shrewsbury Church*, 2 *Zab.* 424, where an assessment for benefits to defendants' lands was made in 1823, prior to the act of that year going into effect, it was held that interest should be computed on such assessment, at the rate of seven per cent., and not the reduced rate of six per cent.

Also in equity the same rule has been held. Thus in *Wilson* v. *Marsh*, 2 *Beas.* 289, the complainants' bond and mortgage were made in Essex county, where interest could be taken by contract, at the rate of seven per cent., while the general statute allowed interest only at the rate of six per cent., the court adjudged that the decree upon foreclosure would bear only six per cent. interest, although founded on a mortgage drawing seven per cent.

It will be seen that these cases are decided on the principles above stated, that the parties' rights are fixed by the judgment of the court, and the judgment carries with it its incidents, equally determined and all relating to the date of its entry.

If it be said that the interest is given as damages for the detention of the debt, and that the damages are greater when seven per cent. interest can be had, than when only six could be obtained, and for such detention after the rate is increased, there should be additional damages allowed, the answer is, that there can be no second assessment where the amount of the debt or liability has been once adjudged, and the course of action remains the same.

. The interest is the measure of damages for the detention, and that must relate to the time when the amount is fixed by the entry of judgment.

The order must be made to the clerk accordingly, that interest on the judgment of Aaron Dawes, shall only be allowed and paid at the rate of six per cent. from the date of its entry on October 1st, 1863.

CITED in *Wilson* v. *Cobb*, 4 *Stew. Eq.* 91.