WARREN BROTHERS COMPANY, APPELLANT-RESPONDENT, v. HARTFORD ACCIDENT AND INDEMNITY COMPANY, RESPONDENT-APPELLANT.

Argued February 11, 1926—Decided May 18, 1926.

1. Interest on a debt is no part of the debt itself, unless contracted for; but is a penalty usually statutory, allowed by way of damages for the detention of the debt.

2. By chapter 75 of the laws of 1918, it is provided that contractors on public works shall give bond, with sufficient surety, to perform the contract, and pay all lawful claims of subcontractors and others; and that claimants against the contractor for such public works, within eighty days after acceptance thereof, may give notice to the surety of the amount of indebtedness due them from the contractor, and may sue the surety if not paid within sixty days thereafter. *Held*, that a surety so notified, and paying within the sixty days, is not liable for any interest on the face of such claims.

Cross-appeals from the Supreme Court.

For the plaintiff, *Thomas E. Fitzsimmons.*

For the defendant, *Arthur F. Egner.*

The opinion of the court was delivered by

PARKER, J. This action is based on chapter 75 of the laws of 1918, which was discussed by the Supreme Court in

*Franklin Lumber Co.* v. *Globe Indemnity Co., ante, p.* 9, which case is now pending in this court on appeal. The question in the present case is different from that in the cited case, and relates entirely to the matter of interest payable by the surety, if any, on a claim arising under the statute. The facts, shortly stated, are as follows: A corporation named the Oak Ridge Company had a contract for doing public work for the county of Morris, and the defendant, Hartford Accident and Indemnity Company, as surety, executed the bond required by the above statute. The Oak Ridge Company failed to complete its contract and broke down financially; there was litigation in Chancery under the Municipal Lien act (*Pamph. L.* 1918, *p.* 1041), and, in one way or another the county paid Warren Brothers Company, plaintiff below, the face of its claims, without interest, except the sum of $9,610.76, which was paid by the Hartford company. The plaintiff, however, claimed from the Hartford company $6,766.33 for interest on delayed payments due from the Oak Ridge Company, asserting that the surety was liable for this as well as for the principal of the claim unpaid. The surety took the position that, under the aforesaid chapter 75, it was not liable to pay anything to the claimant until after its liability had been fixed by completion and acceptance of the work, and, within eighty days thereafter, service on the surety of a "statement of the amount due" to such claimant, and the expiration of sixty days after such service, and that inasmuch as the surety had paid the balance of $9,610.76 within the sixty days, it was not liable for interest at all. This dispute was submitted as a Supreme Court issue to Judge Mountain on an agreed state of facts, stipulating that "the only question to be determined * * * is whether or not plaintiff is entitled to interest, and, if so, from what date." The court rejected both claims and took a middle ground, holding that, because the surety had been notified on April 11th, 1923, that the Oak Ridge Company had defaulted and that plaintiff looked to defendant for the money, interest should run from that date. The work, however, was not

618    COURT OF ERRORS AND APPEALS.

Warren Bros. Co. v. Hartford, &c., Co.    *102 N. J. L.*

accepted until a year later, April 24th, 1924; the statutory notice was not served on the surety till May 2d, 1924, and the surety paid on June 10th, or well within the sixty days.

Both sides appeal—the plaintiff, on the ground that interest should have run from the several dates at which payments were due from Oak Ridge Company to plaintiff; the defendant, on the ground that no interest whatever should have been awarded.

Were it not for chapter 75 of the laws of 1918, and the special form of bond prescribed thereby, it would seem that the surety would be liable solely to the county, and not at all to the plaintiff. *Skillman* v. *U. S. Fidelity Co.*, 101 *N. J. L.* 511. And even, under the act of 1918, it should be borne in mind that the primary purpose of the bond is the protection of the public body, the clause favoring the materialmen, &c., being, by the express language of the statute, an "additional obligation." *Pamph. L.* 1918, *p.* 203; *Franklin Lumber Co.* v. *Globe Indemnity Co., supra.* If this be so, it follows that the protection of the public against defaults by a dishonest or irresponsible contractor should not be whittled away by too liberal a construction in favor of private claimants, when every dollar allowed them over the face of their claims, to that extent, impairs the security of the public.

When we proceed to examine the statute itself, it is noticeable that the word "interest" does not occur in it at all. It calls for a bond "with an additional obligation for the payment * * * for all labor performed or materials furnished," &c. The bond is to be conditioned (section 2) for the payment by the contractor and by all subcontractors of all *indebtedness* which may accrue to any person * * * on account of any labor performed or materials furnished, &c. By section 3, any person * * * to whom any money shall be *due* on account of having performed any labor, &c., on such building, work or improvement, within eighty days after acceptance thereof by the board, shall furnish the surety a statement of the *amount due*, &c., and the condition of the bond as enacted in the statutory form is for the payment by the principal contractor of all lawful claims of subcon-

tractors, &c., *for labor performed* and materials furnished. When notice is served on the surety of the "amount due" the surety is entitled to sixty days in which to pay. "If *said indebtedness* shall not be *paid in full* at the expiration of said sixty days, said person," &c., may bring an action on the bond. It is fair to say that if the legislature had meant "in full, with interest," it would have said so.

In considering this question, we should bear in mind the fundamental principle of law, often overlooked that interest is no part of a debt unless so stipulated in the contract; that, usually, it is of statutory origin, and is awarded as damages for the detention of a debt. 33 *C. J.* 182. This principle is illustrated by such cases as *North Hudson County Railway Co.* v. *Booraem,* 28 *N. J. Eq.* 593 (interest on award of commissioners denied to a mortgagee); *Freeholders* v. *Veghte (Mr. Justice Magie, Somerset Circuit),* 7 *N. J. L. J.* 145; *Anderson* v. *Huff,* 49 *N. J. Eq.* 349, 355; *Hills* v. *Aetna Life Insurance Co. (Mr. Justice Speer, Hudson Circuit),* 39 *N. J. L. J.* 132, 135; *Hoover Co.* v. *Schaefer Co.* 90 *N. J. Eq.* 515, and *Fidelity Co.* v. *Wilkes-Barre Co.,* 98 *N. J. L.* 507. Further illustrations occur in the form books. An execution in debt requires the sheriff to make "a certain debt of . . . . . dollars, which A. B. lately in," &c., recovered, &c., and also . . . dollars which * * * were adjudged to said plaintiff for his damages * * * as well by occasion of the detention of that debt as for his costs, &c. So, in a foreclosure of mortgage, the principal and interest stipulated in the bond are totaled as of the date of the master's report, and the decree provides that the premises be sold to pay complainant the sum (reported by the master), with interest, from the date of the report, and that out of the proceeds of sale the complainant be paid "said debt, interest and costs," the *debt* being the amount reported.

These considerations lead us to the conclusion that when chapter 75 speaks of "indebtedness" and of "amount due for work and labor" and the like, the language connotes the face of the claim, and that the legislature did not intend to

620     COURT OF ERRORS AND APPEALS.

Warren Bros. Co. v. Hartford, &c., Co.     *102 N. J. L.*

diminish the security of the public by permitting the recovery of interest as against the face of the bond, when the surety has paid before the time limit has run. Whether the surety would be liable thereafter for interest, and, if so, whether it could charge the interest against the bond, or would have to meet it *extra* that instrument, are matters not presented on this record. It is urged that the Lien act allows interest on claims, but that is against the contract price, and prejudices only the defaulting contractor and other claimants, not the public.

The judgment is reversed on the defendant's appeal and affirmed on the plaintiff's appeal, and, the facts being stipulated, final judgment for defendant may be entered in this court, with costs. *National Bank* v. *Berrall,* 70 *N. J. L.* 757.

On defendant's appeal—

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 11.

On plaintiff's appeal—

*For affirmance*—THE CHIEF JUSTICE, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 11.

*For reversal*—None.