STEIN et al. v. DELANO, Comptroller of Currency, et al.

Civ. A. No. 829.

District Court, D. New Jersey.

Oct. 16, 1940.

Kristeller & Zucker and Saul J. Zucker, all of Newark, N. J., for plaintiffs and intervening plaintiffs Walter H. Cole and Frank W. Miller.

Bilder, Bilder & Kaufman and Walter J. Bilder, all of Newark, N. J., for intervening plaintiffs Edward M. Waldron, William J. Waldron, Robert E. Waldron, Samuel F. Dixon, Bernard Miller, Philip Lindeman, Arthur W. Barlow and Edward M. Waldron, executor of Estate of Mary Waldron, deceased.

Burnett & Trelease and Charles C. Trelease, all of Newark, N. J., for intervening plaintiffs Harvey G. Redden and John I. Spooner.

Armstrong & Mullen and Arthur C. Mullen, all of Jersey City, N. J., for intervening plaintiffs John F. Monahan and Frank J. McCann.

Harrison & Roche and Robert F. Darby, all of Newark, N. J., for receiver of New Jersey Nat. Bank & Trust Co. of Newark, N. J., and appearing specially for Preston Delano, Comptroller of Currency of United States of America.

WALKER, District Judge.

This matter, by agreement of counsel, comes before the Court on final hearing.

The facts are:

1. The New Jersey National Bank and Trust Company of Newark, New Jersey, was and is a national banking association, organized and existing under the laws of the United States of America.

2. On or about June 11, 1932, the then Comptroller of the Currency of the United States of America, pursuant to authority (Title 12 U.S.C. § 191 et seq., 12 U.S.C.A. § 191 et seq.), appointed a receiver for said association and thereafter the receiver and his successors undertook and proceeded with the necessary steps to close up such association.

3. An assessment of 100% upon all the outstanding capital stock has been levied and a substantial part thereof collected. Full provision has been made for refunding to the United States of America any deficiency in redeeming the circulating notes of the association. The principal sum due on each creditor's claim (except those of shareholders, who are also creditors), proved or adjudicated as required under the terms and provisions of Title 12 U.S.C. § 194, 12 U.S.C.A. § 194, has been paid in full and the Comptroller has paid or has in his possession sufficient monies to pay the expenses of the receivership.

4. At the time each creditor presented his receiver's certificate of proof of claim for a fifth dividend of 5%, which 5% made a total payment of 100% on account of principal due, the receiver's office attached to each certificate of proof of claim a written notice that, a further dividend representing all or part of the accrued interest on the claim would be paid when liquidation of the remaining assets warranted.

5. On March 2, 1940, the plaintiffs, as shareholders, on behalf of themselves and all other shareholders similarly situated,[1] filed herein their complaint under Rule 23, Federal Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c, and thereby seek the following relief; (a) a preliminary injunction and the appointment of a receiver which need not be considered, because of a stipulation stated in open court; (b) that the Comptroller be ordered to call a meeting of the shareholders for the purposes specified and set out in Title 12 U.S.C. § 197, 12 U.S.C.A. § 197; (c) that interest upon obligations held by former creditors be disallowed. (Certain other relief is sought; however, counsel have limited their argument to (c) and decision thereon determines whether the complaint stands or falls.)

6. The summons issued pursuant to Rule 4, Federal Rules of Civil Procedure for District Courts, was served upon the Comptroller of the Currency at Washington in the District of Columbia on the 6th day of March, 1940, and said Comptroller appears specially and moves to quash same on the grounds that he is a resident, citizen and inhabitant of the District of Columbia and is not and was not subject to service of process in this, an action instituted in the District of New Jersey, and said service is without authority of law.

---

[1] (The Court notes and hereafter refers to the plaintiffs' allegations that they also file their complaint on behalf of the New Jersey National Bank and Trust Company of Newark, New Jersey.)

262

7. The receiver moves to dismiss the action against him and alleges the complaint fails to state a claim upon which relief can be granted.

The first question is: Should the service of a summons in this, an action in the District of New Jersey, be quashed when it appears that it was made at Washington in the District of Columbia upon the Comptroller of the Currency of the United States of America, a resident, citizen and inhabitant of said District of Columbia?

■ The long established and general rule regarding jurisdiction in personam should be varied only in case of expressed statutory authorization.

■ The expressed statutory authorization upon which the plaintiffs rely is: "All proceedings by any national banking association to enjoin the Comptroller of the Currency, under the provisions of any law relating to national banking associations, shall be had in the district where such association is located." Section 49 of the Judicial Code, Title 28 U.S.C. § 110, 28 U.S.C.A. § 110.

The proceedings herein are by persons who happen to be shareholders in a national banking association. The end they seek is a ratable distribution of the proceeds of the assets or property of the association remaining in the hands or subject to the order and control of the Comptroller, and the receiver appointed by him, 12 U.S.C. § 197, 12 U.S.C.A. § 197, without deduction of interest on the approved or adjudicated claims of creditors. The fruits of the litigation, if successful, will inure directly to their benefit, and while it can be admitted for the purposes hereof that they and·those they represent collectively own all the stock of the institution, it does not follow that in an action such as this, they prosecute as the owners of said institution or for its benefit. This cannot be called a proceeding by a national banking association, and therefor it is not expressly authorized by Section 110, supra. See Wilson v. Awalt, Acting Comptroller of the Currency, et al., D.C., 2 F.Supp. 465; Nagle et al. v. O'Connor, Comptroller of the Currency, et al., 3 Cir., 88 F.2d 936; Adams v. Nagle et al., 303 U.S. 532, 58 S.Ct. 687, 82 L.Ed. 999. In Nagle et al. v. O'Connor, supra, the District Court quashed the service upon the Comptroller, and the correctness thereof was raised in the Circuit Court which did not deem it necessary to directly pass thereon.

The Court believes special reference to the following cases is advisable:

First National Bank of Canton, Pennsylvania v. John Skelton Williams, Comptroller of the Currency, 252 U.S. 504, 40 S.Ct. 372, 64 L.Ed. 690, an action by a going national bank to restrain the Comptroller of the Currency from doing certain things under color of his office. Wegman et al. v. Hulse et al., D.C., 13 F.2d 206, an action by stockholders as a class to restrain the Comptroller of the Currency from compromising a suit brought by the receiver appointed by him against directors of the banking association. Both cases were prosecuted for the benefit of a national banking association and for such indirect benefit to the shareholders as might arise therefrom. The real party in interest in each was a national banking association. These cases are not in conflict with the decision herein.

O'Connor, Comptroller of the Currency, et al. v. Watson et al., 5 Cir., 81 F.2d 833, and Abel et al. v. Hellawell et al., D.C., 25 F.Supp. 446, extend the rule laid down in First National Bank of Canton, Pennsylvania v. John Skelton Williams, Comptroller of the Currency and Wegman et al. v. Hulse et al., supra, to permit the maintenance under Section 110, supra, of derivative actions by shareholders seeking to relieve themselves from statutory double assessment liability. Actions by shareholders to relieve themselves from statutory double assessment liability are for the benefit of the shareholders individually, and not by or for a national banking association within Section 110, supra. Said cases cannot be reconciled.

The alleged service of the summons herein upon Preston Delano, Comptroller of the Currency of the United States of America, a resident, citizen and inhabitant of the District of Columbia, is quashed.

The second question is: Do creditors of a national banking association in liquidation, who accept dividends totaling the full amount of the principal sum due, thereby waive interest?

■ The provisions of the National Banking Act, 12 U.S.C. § 21 et seq., 12 U.S.C.A. § 21 et seq., constitute a complete system for the establishment, government and liquidation of national banks. Cook County Nat. Bank and another v. United States, 107 U.S. 445, 2 S.Ct. 561, 27 L.Ed 537; Davis v. Elmira Sav. Bank, 161 U.S.

275, 16 S.Ct. 502, 40 L.Ed. 700; Downey v. City of Yonkers and three other cases, 2 Cir., 106 F.2d 69; Deitrick, Receiver, v. Greaney, 309 U.S. 190, 60 S.Ct. 480, 84 L. Ed. 694, rehearing denied, 309 U.S. 697, 60 S.Ct. 611, 84 L.Ed. 1036.

The Act, however, does not specifically provide for interest on claims of creditors and the plaintiffs urge this, in support of their contention that, interest is not payable, and they also urge the ratable dividend which the Comptroller is to make from time to time on claims proved to his satisfaction or adjudicated in a court of competent jurisdiction, 12 U.S.C. § 194, 12 U.S.C.A. § 194, is to be estimated on the value of the claim at the time of the declaration of insolvency. United States v. Knox, 111 U.S. 784, 4 S.Ct. 686, 28 L.Ed. 603; Merrill v. National Bank of Jacksonville, 173 U.S. 131, 19 S.Ct. 360, 43 L.Ed. 640; Kennedy v. Boston-Continental Nat. Bank, 1 Cir., 84 F.2d 592.

United States v. Knox, Merrill v. National Bank of Jacksonville, and Kennedy v. Boston-Continental Nat. Bank, supra, were actions by one or more but not all of the creditors, who sought a dividend on a sum established by judgment or otherwise subsequent to insolvency and hold there must be one rule of proportion applicable to all alike and therefor that which is hereinafter set forth is not in conflict therewith.

■ The value of each claim at the time of the declaration of insolvency is the principal sum due and it is unnecessary to reduce it to a judgment when proved to the satisfaction of the Comptroller. It then has the same efficacy as a judgment, as a claim adjudicated in a court of competent jurisdiction, and occupies the same legal ground. National Bank of the Commonwealth of New York City v. Mechanics' National Bank of Trenton, New Jersey, 94 U.S. 437, 24 L.Ed. 176.

■ The claims herein proved to the satisfaction of the Comptroller had the same efficacy and occupied the same legal ground as judgments in the United States District Court for the District of New Jersey, and bore interest the same as judgments in the courts of the State of New Jersey. 28 U.S.C. § 811, 28 U.S.C.A. § 811.

In New Jersey without benefit of statute, the practice has been for many years to allow interest to be levied under execution as an incident of the judgment, and as an increase of damages for the detention of the debt without bringing a distinct action for the interest on damages for such detention. Cox et al. v. Marlatt, 36 N.J.L. 389, 13 Am.Rep. 454.

■ It must also be remembered, the stockholders of the National Bank in question are individually responsible for all contracts, debts and engagements of such association, each to the amount of his stock therein at the par value thereof, in addition to the amount invested in such stock, 12 U.S.C. §§ 63, 64, 12 U.S.C.A. §§ 63, 64, and there is no reason to deny to the creditor, as against the stockholder, the same right to recover interest, which according to the nature of the contract or debt would exist as against the bank itself, even to the extent of the double assessment liability of the stockholders. Richmond v. Irons, 121 U.S. 27, 7 S.Ct. 788, 30 L.Ed. 864; United States Savings Bank v. Morgenthau, 66 App.D.C. 234, 85 F.2d 811.

Whether we hold the claims bear interest the same as judgments in the Courts of New Jersey or under the principle that creditors have the right to recover interest against the stockholders as against the bank itself is immaterial.

■ It is sufficient to say that, when the creditors received the first dividend of 50%, the second dividend of 25%, the third dividend of 10%, the fourth dividend of 10% and right down to the acceptance of the fifth dividend of 5%, they had a right to interest from the date the business of the bank stopped, that is, when insolvency was declared.

The interest due them was compensation or damages for the detention of principal (Rogers v. Colt, 21 N.J.L. 18; North River Meadow Co. v. Christ Church at Shrewsbury, 22 N.J.L. 424, 53 Am.Rep. 258; Hills v. Aetna Life Insurance Co., 39 N.J.L.J. 132; Fidelity Mut. Life Insurance Co. v. Wilkes-Barre & H. R. Co., 98 N.J.L. 507, 120 A. 734; Warren Bros. Co. v. Hartford Accident & Indemnity Co., 102 N.J.L. 616, 133 A. 479) not under and by virtue of an express agreement, and the general rule is, the right to recover same after the full principal obligation has been accepted is lost. Stewart v. Barnes, 153 U.S. 456, 14 S.Ct. 849, 38 L.Ed. 781; Rice v. Eisner, 2 Cir., 16 F.2d 358; Board of Freeholders v. Veghte, 7 N.J.L.J. 145.

The general rule aforesaid should control herein, in the absence of an exception thereto.

264

The Comptroller, when he takes over a bank, is required to take possession of all bank records and assets of every description; collect all debts, dues and claims belonging to it; on order sell or compound all bad or doubtful debts; sell all real and personal property and, if necessary, enforce the individual liability of all stockholders. For some time it is difficult, if not impossible, for him to tell whether or not he will be in a position to pay in full the principal amount of each claim, in which event the creditors will be entitled to interest from the assets of the bank including the double liability of stockholders. Yet from time to time he is required to pay the ratable dividend hereinbefore referred to. To facilitate administration (Sexton v. Dreyfus, 219 U.S. 339, 31 S.Ct. 256, 55 L.Ed. 244; Chemical National Bank v. Armstrong, 6 Cir., 59 F. 372, 28 L.R.A. 231), it seems the perfectly rational and orderly thing to make each dividend a payment on account of principal and then when it appears that the interest or some percentage thereof can be paid, to so advise in the manner used by the receiver herein.

The written notice that a further dividend representing all or part of the accrued interest on the claim would be paid when liquidation of the remaining assets warranted did not give the creditors any right they did not have. They had a right at the time of the fifth dividend to interest as an incident for the detention of the debt. A demand therefor was unnecessary, the act of liquidation having dispensed therewith (Richmond v. Irons, supra), and to hold they should refuse the final payment on account of principal until it was ascertained whether they would receive interest and how much and until same was paid would frustrate the very thing the act intends and the courts want, that is, a complete, thorough and efficient administration without delay and unnecessary expense.

Creditors of a national banking association in liquidation, who are advised by the receiver prior to payment of the final dividend on account of principal, that the assets have not been fully liquidated and a further dividend representing all or part of the accrued interest on the claim will be paid when liquidation of the remaining assets warrant such a distribution, are removed from the general rule that when interest is an incident for the detention of the debt, the right to recover same after the full principal obligation has been accepted is lost.

The creditors of the New Jersey National Bank and Trust Company of Newark, New Jersey, are, by reason of the facts herein, exceptions to the general rule and entitled to interest.

The motion of the receiver of the New Jersey National Bank and Trust Company of Newark, New Jersey, to dismiss the complaint filed in this cause is granted.

### Conclusions of Law.

An action in the District Court of New Jersey by stockholders, who seek a ratable distribution of the proceeds of the assets or property of a national banking association in liquidation remaining in the hands or subject to the order and control of the Comptroller and the receiver appointed by him, without deduction of interest on the approved or adjudicated claims of creditors, is not an action by a national banking association, and therefore outside Title 28 U.S.C. § 110, 28 U.S.C.A. § 110, and service of summons in such an action upon the Comptroller of the Currency of the United States of America a resident, citizen and inhabitant of the District of Columbia at Washington in said District of Columbia, should be quashed.

Creditors of a national banking association in liquidation, who are advised by the receiver prior to payment of the final dividend on account of principal, that the assets have not been fully liquidated and a further dividend representing all or part of the accrued interest on the claim will be paid when liquidation of the remaining assets warrant such a distribution, are removed from the general rule that when interest is an incident for the detention of the debt, the right to recover same after the full principal obligation has been accepted, is lost.